**KANSAS CITY, Missouri, a Municipal Corporation, Plaintiff-Respondent,**

v.

**John CARESIO and Robert J. Maroon, Defendants-Appellants.**

No. 54007.

Supreme Court of Missouri, En Banc.

Nov. 10, 1969.

Rehearing Denied Dec. 8, 1969.

Herbert C. Hoffman, City Counselor, Richard W. Mason, Jr., Associate City Counselor, Charles A. Lewis, City Prosecutor, Kansas City, for respondent.

William J. Gilwee, Kansas City, for appellants.

FINCH, Judge.

The two defendants herein, following an appeal from the Municipal Court, were convicted in a jury-waived trial in the Circuit Court of participating in a game of chance, to wit, a dice game in which money was involved, in violation of an ordinance of the City of Kansas City. Both were sentenced to terms of sixty days in jail. Defendants were separately charged and convicted, but in the Kansas City Court of Appeals the cases were consolidated. The Court of Appeals reversed both convictions on the basis that the informations were insufficient to charge an offense. On application of plaintiff, Kansas City, we ordered the consolidated case transferred, and we now decide it as an original appeal. Art. V, § 10, Constitution of Missouri, 1945, V. A.M.S. We affirm.

This case, recently reassigned to the writer, involves two questions, viz: (1) The adequacy of the informations to charge an offense under the Kansas City ordinance, and (2) the sufficiency of the evidence to sustain the convictions.

On October 30, 1966, the two defendants and six other persons were arrested at 1048 East 5th Street, in Kansas City, Missouri,

and subsequently were charged in separate informations with violations of Ordinances 23.030 and 23.040, Revised Ordinances of 1956, Kansas City, Missouri, in that they participated in a game of chance played for money, to wit, a dice game, and knowingly attended a room wherein a gaming table was in use upon which a dice game was played for money. The Circuit Court acquitted the other six defendants but convicted the two defendants herein under the informations charging participation in a dice game played for money. The court dismissed the charge against these defendants of attending a room where such game was played on the basis that it was a lesser included offense in the charge of participating in such game and that defendants should not be convicted and sentenced on both charges.

Ordinance No. 23.030, under which defendants were convicted, reads as follows:

"No person shall bet, wager, win or lose money or property, or things representing money or property, upon the result of any game or event whatsoever; nor shall any person by his presence, or otherwise aid, abet, assist, encourage, countenance or participate in any game of chance played for money or property, or things representing money or property."

The information on which defendant Caresio was convicted was as follows:

"On information, the below named, Assistant City Counselor within and for Kansas City, County of Jackson, and State of Missouri, complains and informs the Court that on or about the 30th day of October, A.D.1966, within the corporate limits of Kansas City, and in and upon 1048 East 5th Street one John Caresio did then and there unlawfully participate in a game of chance which was played for money, to wit: a dice game.

"All in violation of Section 23.030 & 1.-100 of the Revised Ordinances of 1956 of Kansas City, Missouri, as amended."

The information against defendant Maroon was identical except for a substitution of his name for that of John Caresio.

The sufficiency of these informations is established by the recent en banc decision of this court in Kansas City v. Stricklin, Mo., 428 S.W.2d 721. We should point out that Stricklin was decided after the decision herein by the Kansas City Court of Appeals.

The requirements of an information in a proceeding under a municipal ordinance are discussed extensively in Stricklin and need not be reiterated here. In summary, the court in that case said, l. c. 725: "Since a proceeding for violation of a city ordinance is in the nature of a civil action, the same strictness in stating an offense is not required as in a criminal prosecution. City of Springfield v. Stevens, 358 Mo. 699, 216 S.W.2d 450, 453 [2]; University City v. Redwine, Mo.App., 376 S.W.2d 609, 613 [8]; Kansas City v. Martin, Mo.App., 369 S.W.2d 602, 607 [15]. An information or complaint charging the violation of a city ordinance is ordinarily sufficient where it describes the act complained of in the language of the ordinance. City of Springfield v. Stevens, 358 Mo. 699, 216 S.W.2d 450, 453 [3]; University City v. Redwine, Mo.App., 376 S.W.2d 609, 613 [11]; Kansas City v. Martin, Mo.App., 369 S.W.2d 602, 606 [4]."

In Stricklin the pertinent portion of the information held to be sufficient was as follows: " * * * then and there unlawfully did have in his possession or did have in a room, house, building and place under his control and management, a gaming table, gambling device, or gambling paraphernalia not capable of lawful use. All in violation of Section 23.050 and 1–11 of Revised Ordinances 1956, of Kansas City, Mo."

The informations in this case, as did the information in Stricklin, charged defendants in the language of the ordinance. They were charged with unlawfully participating

in a game of chance played with money, which is language taken from the ordinance. The information further alleged the fact that the game of chance participated in was a dice game.

The opinion in Stricklin points out that defendant therein did not request a bill of particulars, the correct procedure for seeking more definite and detailed information as to the charge. Here the defendants did file such motions but the court overruled them. However, on appeal defendants do not complain of that action. They assert only the alleged insufficiency of the informations to charge any violation of the city ordinance. This, then, is the issue presented.

The informations herein were sufficient to advise the defendants with what they were charged. The word "participate" has a well known meaning. It is defined in Webster's Third New International Dictionary in this manner: "to take part in something (as an enterprise or activity) usu. in common with others." The same dictionary defines "game of chance" as "a game (as a dice game) in which chance rather than skill determines the outcome." The defendants were told by the informations that the game of chance for money in which they took part was one played with dice, and they were told the date on which the offense occurred, and the specific location in Kansas City. These allegations were sufficient to identify the offense for which the defendants were being prosecuted and thereby prevent the possibility of double jeopardy. Kansas City v. Stricklin, supra.

The cases of State v. Wade, 267 Mo. 249, 183 S.W. 598, and State v. Chaney, Mo., 188 S.W.2d 19, cited and relied on by defendants, are not pertinent in this case. Those cases involved prosecutions in the state courts for a felony, rather than proceedings to enforce a municipal ordinance. In addition, the statute in those instances enumerated certain specific gaming devices such as roulette, faro bank, etc., and a crap table

was not specifically listed. Consequently, there was the further question of whether the gambling devices mentioned in the informations were sufficiently described to bring them within the class of devices named in the state statutes under which the defendants were prosecuted.

We hold that the informations herein were sufficient to charge a violation of the Kansas City ordinance and overrule defendants' first contention.

The second proposition advanced by the defendants is that the evidence was insufficient to sustain the convictions.

The testimony and exhibits on behalf of the City disclosed that police officers on the night of October 30, 1966, went to a place known as the Northview Social Club at 1048 East 5th Street, in Kansas City. When they arrived, the officers, looking through plate glass windows at the front, could see several persons around a table in the back portion of the building. One of the officers saw one man standing at the table with what appeared to be a stick in his hand, with which he would rake something back across the table. The officers could see others reaching back and forth across the table, and could see one person shake his hand and then push it out across the table, and this would be repeated.

The officers then went to the back of the building where they could hear numbers being called out. The back window was covered with paint, but there were places, $\frac{1}{4}$ to $\frac{1}{2}$ inch in diameter, where the paint was missing. The two officers who testified could see through such openings and see a cloth covered table at which a game was in progress. They could see money on the table and dice being rolled and a curtain rod which had been taped raking the dice back and forth across the table from one player to another. One officer got up on a barrel to look through a larger opening where the exhaust fan was located, and he saw the defendant Maroon, who was known to the officer, take the taped curtain rod and rake

the dice back and forth across the table. The men around the table had money in their hands. He also observed Maroon hand the taped curtain rod to defendant Caresio, who then worked the dice back and forth across the table from one place to another.

Subsequently, the officers again went to the front of the building where they could see through the glass that the game was still in progress. They then went inside and as they approached the rear of the room, someone yelled, "The police are here." The men around the table then started grabbing money off of the table and putting it in their pockets. Officer Smith reached for the dice on the table but defendant Maroon grabbed them and some money and put them in his pocket. Officer Smith then reached into Maroon's pocket and recovered the dice and some money. The officer also recovered the taped curtain rod which he saw thrown on the table by defendant Maroon, who was handling it at that time.

The defendants and others took the stand and testified that they were present that evening but that no gambling occurred. Defendant Maroon said that the dice were not on the table but had been in his pocket for over a year. He also testified that the taped curtain rod was not on the table but had been there in the club for about two years.

The above evidence clearly is sufficient to sustain the judgment of conviction by the trial court. The evidence specifically identified these two defendants as being present and participating in the dice game. The City offered in evidence the dice and the taped curtain rod which the officers observed being used in the dice game. The credibility of the witnesses was for the trial court, and obviously he believed the officers and disbelieved the testimony of the defendants and their other witnesses that they had not been gambling that evening.

Judgments affirmed.

HENLEY, C. J., and DONNELLY, SEILER and HOLMAN, JJ., concur.

MORGAN, J., not participating in decision.

STORCKMAN, J., absent.