**CITY OF ST. LOUIS, Plaintiff-Respondent,**

**v.**

**Cecilia GOLDMAN, Defendant-Appellant.**

**No. 33885.**

St. Louis Court of Appeals,
Missouri.

March 23, 1971.

Motion for Rehearing or to Transfer to Supreme Court Denied May 26, 1971.

Application to Transfer Denied
June 14, 1971.

Kramer, Chused & Kramer, Samuel H. Liberman, II, St. Louis, Harold L. Sarner, Creve Coeur, for defendant-appellant.

Robert W. Van Dillen, City Counselor, Daniel T. Tillman, Associate City Counselor, Kenneth B. Peirce, Jr., Asst. City Counselor, St. Louis, for plaintiff-respondent.

DOWD, Judge.

Defendant Cecilia Goldman was found by the City Court of St. Louis to have violated the City's ordinance against disturbing the peace. Upon appeal to the St. Louis Court of Criminal Correction in a jury-waived case, she was again found guilty of violating the City's peace disturbance ordinance and fined $500. She appeals. This appeal comes to us by transfer from the Supreme Court.

On appeal, the defendant challenges the sufficiency of the evidence to support the conviction and the form and sufficiency of the information.

The information under attack reads as follows: "On information, the undersigned City Counselor within and for St. Louis, Missouri, complains and informs the Court that on or about the 4th day of December, 1968, within the corporate limits of St. Louis, Missouri, at or near 602 Locust, above-named defendant did then and there unlawfully disturb the peace by noisy, riotous, and disorderly conduct, in a public place, and did then and there use indecent, lewd, and profane language, in violation of Section 762.030 and 1.100 of Ordinance 50549, of the Revised Ordinances of 1960 of said City."

The ordinance under which defendant was convicted reads as follows:

"762.030. Public disturbance of the peace.—No person shall disturb the peace of others by noisy, riotous, or disorderly conduct, nor by violent, tumultous, offensive or obstreperous conduct or carriage, nor by loud or unusual noises, nor by unseemly, profane, obscene, indecent, lewd or offensive language, calculated to provoke a breach of the peace, nor by assaulting, striking or fighting any other person in any park, street, alley, highway, thoroughfare, public place, or public resort."

On the evening of December 4, 1968 at about 7:30 p. m. a security guard for a downtown department store was called to one of the store's several entrances located at 6th and Locust. This entrance consisted of two revolving doors flanked by two swinging doors. He found the defendant with arms outstretched, with each hand handcuffed to a revolving door. He tried to unlock the handcuffs but was unable to get the key in the lock because there was some kind of material in the lock. He then called the police. People attempting to enter the store had to use the side doors and employees of the store were stationed at this exit to divert customers from exiting through the revolving doors to keep from injuring the defendant. The revolving doors are the doors regularly used by the customers. The side doors are used as exit doors when the revolving doors are not in order and also used as fire exits.

Two police officers were stationed nearby to watch a group of about thirty people, who were "picketing in protest of a white Christmas." About 5 or 6 minutes after the picketing started, the defendant "who had come to picket" was seen handcuffed to the two revolving doors. No one saw her actually being handcuffed to the doors. There was a large number of Christmas shoppers going in and out of the store.

The defendant was asked by a representative of the store to remove herself from the doors and "she just stood mute don't say anything." Defendant was placed under arrest. A police officer also unsuccessfully tried to unlock the handcuffs but his key wouldn't work because of this substance in the mechanism of the lock. He sent for a bolt cutter and with it he cut the handcuffs. A crowd had gathered and traffic was impeded.

The following testimony from a police officer was developed without objection on direct examination:

"Q All right officer was there a disturbance, was a crowd gathered outside the store?

"A Yes, sir.

"Q They were watching this spectacle?

"A Yes, sir.

"Q * * * Was pedestrian traffic was it stopped watching this?

"A Yes, sir."

The police officer estimated the crowd at from 40 to 50 people.

Defendant did not testify at the trial.

First, the sufficiency of the evidence to support the conviction. She is charged with disturbing the peace on December 4, 1968 at 602 Locust Street in the City of St. Louis "by noisy, riotous, and disorderly conduct, in a public place, and did then and there use indecent, lewd, and profane language, * * *." While it is true that the evidence showed that the defendant was not noisy (she remained mute throughout the incident) and did not use improper language, we believe the evidence was sufficient to support a conviction of a city ordinance for peace disturbance by disorderly conduct. Missouri courts have not specifically defined "disturbing the peace." The word "disturb" has been equated with "interference," that is, "'to interfere with in the lawful en-

joyment of a right.'" McCleary v. Bratton, Mo.App., 307 S.W.2d 722 [2]. "Peace" was defined in City of Louisiana v. Bottoms, Mo.App., 300 S.W. 316 [3–5], as "the tranquility enjoyed by the citizens of a municipality or community, where good order, which is the natural right of all persons in political society, reigns among its citizens."

Here the evidence shows that the defendant was one of 30 pickets who came to the entrance of a department store during the Christmas shopping season to picket "in protest of a white Christmas." There was a large crowd of Christmas shoppers going in and out of the store. About five minutes after the picketing began, defendant was seen handcuffed to two revolving doors. It can be inferred from the evidence that the defendant either handcuffed herself to the revolving doors or cooperated in the handcuffing of herself to these doors. A substance was in the lock of the handcuffs which prevented them from being opened with a key. The store stationed employees to divert customers to the side doors so that the defendant would not be injured. The side doors were used as fire exits and when the revolving doors were not in use. "She just stood mute" when asked by a store employee to remove herself. It was necessary for the police officer to send for a bolt cutter to sever the handcuffs from the doors. A crowd of 40 or 50 people had gathered to watch the spectacle and traffic was impeded. A police officer answered affirmatively a question of whether there was a disturbance and whether a crowd gathered at the store. We do not believe that the defendant can remain mute and thereby escape the legal consequence of actions which amount to disorderly conduct. With this evidence, the City has met its burden of proving a peace disturbance by disorderly conduct.

 To make a case of disturbing the peace, it is unnecessary to have testimony from any witness specifically stating that his peace was disturbed; that

would be a conclusion since whether there was a disturbance of the peace is "the real gravamen of the charge" and an issue for the jury. City of De Soto v. Hunter, 145 Mo.App. 430, 122 S.W. 1092. Here, in this jury-waived trial, this issue was for the experienced trial judge. The evidence supported his conclusion.

■ Defendant next contends that "The information fails to properly charge the offense of general peace disturbance because of the fact that 'unlawfully' has been substituted for the correct word 'willfully'," citing State v. Waters, Mo.App., 189 S.W. 624. State v. Waters, supra, is not in point here because that case involved the state statute pertaining to peace disturbance and the state statute (now 562.240 RSMo 1969, V.A.M.S.) required a finding of "'willfully disturb[ing] the peace of any neighborhood, * * * or of any person * * *.'" In the information in that case the word "unlawfully" was substituted for "willfully" and the court held that this was error. However, here we are dealing with the violation of a city ordinance and the ordinance did not require a finding of willfullness. Appellant cited no case nor did our research disclose a case holding that in the violation of a city ordinance involving peace disturbance that the city must plead and prove that the defendant committed the acts "willfully."

■ Defendant then argues that the city ordinance is not in harmony with the state statute (562.240, supra) because the ordinance does not require the act to be done "willfully." The contention that the city ordinance here was not in harmony with the state statute regarding peace disturbance was rejected by this court in City of St. Louis v. Page, Mo.App., 259 S.W.2d 98 [2]. The court there at l. c. 100 stated: "* * * Appellant has failed to point out in what respect the local and general laws are inconsistent. The wording of the two is quite similar. Both declare disturbance of the peace to be a misdemeanor. We have read and compared the two sec-

tions and find them entirely consistent and harmonious. The point is ruled against appellant." We do not believe the failure of the ordinance to provide that the defendant committed the acts willfully (as is required in the state statute) makes the ordinance and statute inconsistent.

Defendant next contends that "The Information * * * Fails To Charge An Offense In A Plain Concise And Definite Written Statement * * *." The requirements of an information in a proceeding under a municipal ordinance were recently set-out in an en banc decision of our Supreme Court in Kansas City v. Stricklin, Mo., 428 S.W.2d 721. In that case, which involved a gambling ordinance, it was contended, as here, that the information failed to allege facts charging the defendant with any offense. The court rejected the contention that the information was insufficient. The pertinent part of the information held to be sufficient was as follows: "* * * then and there unlawfully did have in his possession or did have in a room, house, building and place under his control and management, a gaming table, gambling device, or gambling paraphernalia not capable of lawful use. All in violation of Section 23.050 and 1–11 of Revised Ordinances 1956, of Kansas City, Mo."

The court at l. c. 724 pointed out that proceedings in municipal court for violations of city ordinances are not prosecutions for crime in a constitutional sense. Then the court stated at l. c. 725–726:

"Since a proceeding for violation of a city ordinance is in the nature of a civil action, the same strictness in stating an offense is not required as in a criminal prosecution. City of Springfield v. Stevens, 358 Mo. 699, 216 S.W.2d 450, 453 [2]; University City v. Redwine, Mo.App., 376 S.W.2d 609, 613 [8]; Kansas City v. Martin, Mo.App., 369 S.W.2d 602, 607 [15]. An information or complaint charging the violation of a city ordinance is ordinarily sufficient where

it describes the act complained of in the language of the ordinance. City of Springfield v. Stevens, 358 Mo. 699, 216 S.W.2d 450, 453 [3]; University City v. Redwine, Mo.App., 376 S.W.2d 609, 613 [11]; Kansas City v. Martin, Mo.App., 369 S.W.2d 602, 606 [4].

\* \* \* \* \* \*

"When a defendant does not request a bill of particulars or otherwise attack the sufficiency of an information prior to judgment, he waives any claim he may have had for a more definite and certain statement of the offense or cause of action alleged. State v. Gooch, Mo., 420 S.W.2d 283, 288 [13]; Tucker v. Kaiser, Mo., 176 S.W.2d 622, 624–625 [3, 4 & 6]; Davis v. Roberts, 365 Mo. 1195, 295 S.W.2d 152, 154 [3]; City of St. Louis v. Capitol Vending Company, Mo.App., 374 S.W.2d 519, 521 [3]."

In Kansas City v. Caresio, Mo., 447 S.W.2d 535, also an en banc decision, the court cited Kansas City v. Stricklin, supra, with approval in upholding the sufficiency of an information for the alleged violation of a gambling ordinance and repeated at l. c. 536 the rule that an information charging the violation of a city ordinance is ordinarily sufficient where it described the act complained of in the language of the ordinance.

■ Here the information followed the language of the ordinance and specified the time and place of the alleged offense and the nature of the charge as well as the number of the ordinance upon which the prosecution was based. We do not believe that the defendant was misled as to the purpose of the prosecution or that she was prejudiced in any way by reason of any omission of fact that might also have been alleged. Nor did the defendant request a bill of particulars or otherwise attack the sufficiency of the information prior to judgment and did, by this failure, waive any claim she may have had for a

more definite and certain statement of the offense. We believe that the information was sufficient to identify the offense for which the defendant was being prosecuted and thereby prevent the possibility of double jeopardy. Kansas City v. Stricklin, supra.

In the attack on the information, defendant cited State v. Muchnick, Mo.App., 334 S.W.2d 386; State v. Kesterson, Mo., 403 S.W.2d 606; and, State v. Hasler, Mo.App., 449 S.W.2d 881. We have read these cases and they are not in point. They pertain to informations in state misdemeanor or felony cases. As said, this is a proceeding for the violation of a city ordinance and the same strictness in stating an offense is not required as in a criminal prosecution. Kansas City v. Stricklin, supra; Kansas City v. Caresio, supra.

■ Defendant's last attack on the information is that "The Information Was Defective \* \* \* Because Of A Failure To Include The Words 'Calculated To Provoke A Breach Of The Peace' " citing Kansas City v. Mathis, Mo.App., 409 S.W.2d 280 as authority for this contention. This case is not in point. The information held to be defective is based on a disorderly conduct ordinance which is worded quite differently than the ordinance here. The ordinance in the cited case makes it an essential element of the charge that the person committed the acts "with intent to provoke a breach of the peace, or whereby a breach of the peace was occasioned." This element was not pleaded in the information in Kansas City v. Mathis, supra. An examination of the ordinance here convinces us that it was unnecessary to include in the information the language "calculated to provoke a breach of the peace." This for the reason that this language only pertains to that part of the ordinance which deals with "\* \* \* unseemly, profane, obscene, indecent, lewd or offensive language. \* \* \*" It is not an element in the first part of the ordinance which deals with "disorderly con-

duct" which is the basis for the conviction here.

The judgment is affirmed.

BRADY, P. J., and WOLFE, J., concur.