Kevin D. CHRISTIAN, as Statutory Trustee for Construction Systems, Inc., Plaintiff,

v.

COLLEGE BOULEVARD NATIONAL BANK, now known as Midland Bank of Overland Park, Defendant.

MIDLAND BANK OF OVERLAND PARK, formerly known as College Boulevard National Bank, Interpleader Plaintiff,

v.

Kevin D. CHRISTIAN, as Statutory Trustee for Construction Systems, Inc.,

and

United States of America, Interpleader, Defendants.

No. 92–2152–JWL.

United States District Court, D. Kansas.

April 15, 1993.

**1294**

Stephanie G. Hazelton, Swartzman, Thomas, Hazelton, Lauer & Batson, A. Christopher Mayer, Paul D. Sinclair, Sinclair, Sawyer, Thompson & Haynes, P.C., Kansas City, MO, for plaintiff.

James P. O'Hara, Shughart, Thomson & Kilroy, Overland Park, KS, for intervenor-plaintiff.

James P. O'Hara, Shughart, Thomson & Kilroy, Overland Park, KS, for defendant.

Douglas H. Frazer, Jay P. Golder, U.S. Dept. of Justice, Office of Special Litigation–Tax Div., Washington, DC, for intervenor-defendant.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This matter comes before the court on the United States' motion for summary judgment (Doc. # 26), Kevin Christian's cross motion for summary judgment (Doc. # 30), and Kevin Christian's motion to strike the United States' Reply Brief (Doc. # 38). This is an interpleader action to determine the disposition of monies held by the clerk of this court. For the reasons set forth below, the United States' motion for summary judgment is granted, Kevin Christian's motion for summary judgment is denied, and his motion to strike is granted.

### I. Facts

The facts of this action are not in controversy. This interpleader action arises out a Kansas state court action originally commenced by Kevin Christian as statutory trustee of Construction Systems, Inc. against College Boulevard Bank (now Midland Bank of Overland Park). Construction Systems, Inc. ("CSI"), a Missouri corporation incorporated on August 21, 1984, operated a drywall construction business, and Kevin Christian was its president, director, and sole shareholder. CSI forfeited its corporate charter on April 22, 1987 for failure to pay annual corporate franchise taxes. Under the then existing Missouri law, Kevin Christian was made CSI's statutory trustee.

Mr. Christian brought an action on behalf of CSI as its trustee against College Boulevard Bank for breach of a trust agreement. The District Court of Johnson County, Kansas entered judgment for Mr. Christian as trustee of CSI for $69,053.42, plus prejudgment interest and court costs on March 26, 1991. On December 20, 1991, the Kansas Court of Appeals affirmed the judgment and remanded to the state court to award prejudgment interest. On February 7, 1992, the district court entered a final, modified judgment in favor of Mr. Christian as trustee for CSI and against the bank in the amount of $100,212.62, plus specified interest.

Prior to CSI being formed, Kevin Christian operated a drywall business as a sole proprietorship. While operating this busi-

ness, he personally accrued federal employment and income tax liabilities. The Internal Revenue Service ("IRS") made several assessments between 1985 and 1987 which total $2,961.67 against Mr. Christian.

From 1985 to 1987, CSI accrued a substantial amount of unpaid federal withholding and unemployment taxes. As of January 17, 1992, the unpaid balances of assessments and statutory additions made against CSI were $706,899.93 for Social Security taxes (FICA) and $49,018.42 for federal unemployment taxes (FUTA). Federal tax liens arose as a matter of law as of the dates of assessment of the tax and attached to all property and rights to property then belonging to or thereafter acquired by CSI. Notices of these tax liens were filed in the Office of the Recorder of Deeds for Jackson County, Missouri.

After CSI's corporate charter was forfeited, the IRS made a determination that Kevin Christian was a responsible person under Section 6672 of the Internal Revenue Code for his failure to truthfully account for and pay over the federal Social Security and Income taxes withheld from wages of the employees of CSI for various taxable quarters of 1985 through 1987. Kevin Christian, as an individual, was assessed penalties and interest under Section 6672 in 1987 amounting to $223,755.86. On October 22, 1990, the United States brought an action to reduce to judgment the outstanding federal tax assessments against Kevin Christian, as an individual. Judgment was entered in that case on May 31, 1991 in favor of the United States and against Mr. Christian in the amount of $236,223.24 plus statutory interest. This judgment has not been satisfied.

On January 17, 1992, at 12:00 noon, the United States served a notice of levy on Midland Bank (formerly College Boulevard National Bank) to collect any and all funds which Midland Bank owed to or held on account for Kevin Christian, individually. Also on January 17, 1992, at approximately 3:30 p.m., the United States served a notice of levy on Midland Bank to collect any and all funds which it owed or held on account for CSI.

On February 10, 1992, Midland Bank filed a Motion for Interpleader and Entry for Satisfaction of Judgment in state court. This action was removed to this court and the United States and Kevin Christian, as statutory trustee for CSI, were named as interpleader defendants. The Clerk of this court now holds the balance of the funds paid over by Midland Bank.[1] Midland claims no interest in the remaining interpled fund and has been dismissed from this action.

*II. Standard for Summary Judgment*

When considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the nonmoving party. *Barber v. General Elec. Co.,* 648 F.2d 1272, 1276 n. 1 (10th Cir.1981). A moving party who bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. S.W. Servicing, Inc.,* 758 F.2d 1381, 1387 (10th Cir.1985). If the moving party does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

Once the movant meets these requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The nonmovant may not merely rest on the pleadings to meet this burden. *Id.* Genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. at 2511; *Tersiner v. Union Pacific R.R.,* 740 F.Supp. 1519, 1522–23 (D.Kan. 1990). More than a "disfavored procedural shortcut," summary judgment is an impor-

---

1. Midland Bank paid $109,004.62 to the clerk of the state court. The clerk disbursed $26,762.15 to attorneys for fees incurred by Kevin Christian as trustee for CSI in the underlying action against Midland Bank.

tant procedure "designed 'to secure the just, speedy and inexpensive determination of every action.' Fed.R.Civ.P. 1." *Celotex,* 477 U.S. at 327, 106 S.Ct. at 2555.

### III. Discussion

The question raised by the cross motions for summary judgment is to whom the funds belong upon which the IRS levied. Mr. Christian argues that the funds belong to him individually, while the United States argues that the funds belong to CSI. Obviously, the significance of the answer to that question is whether the money which the IRS will receive will be applied against Mr. Christian's obligation or that of CSI. For the reasons set forth below, the court finds that the funds belong to CSI and that the attachment will apply toward the defunct corporation's tax obligation and not the taxes owed by Mr. Christian.

■ As a threshold matter, Mr. Christian argues that the levy against CSI was invalid because, according to the Missouri statutes [2], the United States was not timely in filing a claim against CSI, a corporation administratively dissolved on April 22, 1987 for failure to pay franchise taxes. According to Mr. Christian, Mo.Rev.Stat. § 351.565 (repealed by H.B. 1432, 1990), which was in effect at the time of the levy against CSI, precluded any action against CSI which was not commenced within two years after CSI forfeited its corporate charter. This argument lacks merit. The United States is not bound by any state statutes of limitation unless Congress provides that it shall be. *United States v. John Hancock Mut. Life Ins. Co.,* 364 U.S. 301, 308, 81 S.Ct. 1, 5, 5 L.Ed.2d 1 (1960); *Phillips v. Commissioner,* 283 U.S. 589, 602–03, 51 S.Ct. 608, 613–14, 75 L.Ed. 1289 (1931). There is no indication in the Internal Revenue Code or any citation to authority by Mr. Christian which indicates a congressional intent to be bound by state statutes of limitation when levying on a corporation's assets for accrued taxes. Therefore, the United States was not precluded by

a two year statute of limitation from levying on assets in which CSI has rights.

■ Mr. Christian then turns to his argument that CSI has no rights in the funds held by Midland Bank and that they belong to him. This court disagrees and finds that Mr. Christian continues to hold the funds in trust for CSI.

■ Mr. Christian's primary argument is based on a change in the Missouri statutes. Initially he brought the action against the bank as a statutory trustee for CSI pursuant to Mo.Rev.Stat. § 351.525 (repealed by H.B. 219, 1991, effective May 29, 1991) which provides:

> If any corporation ... fails to ... pay its franchise tax ... within ninety days after the time therein required ... the corporate rights and privileges of the corporation shall be forfeited ... and the directors and officers in office when the forfeiture occurs shall be the trustees of the corporation, who shall have full authority to wind up its business and affairs, sell and liquidate its property and assets, pay its debts and obligations and to distribute the net assets among the shareholders; and *the trustees as such shall have the power to sue for and recover the debts and property due the corporation,* describing it by its corporate name, and may be sued as such; and *the trustees shall be jointly and severally responsible to the creditors and shareholders of the corporation to the extent of its property and effects that shall have come into their hands.*

Mo.Rev.Stat. § 351.525 (Supp.1990) (emphasis added). Mr. Christian argues that when this statute was repealed and no other statute continuing the position of statutory trustee for the dissolved corporation was enacted, the position of statutory trustee was eliminated in Missouri. Then, without citation to authority, Mr. Christian goes on to assert that "the assets of Construction Systems, Inc., previously held by the Statutory Trustee, [Mr. Christian] became the property of Christian, the sole shareholder." If this

---

**2.** Missouri law is applied to this cause of action because CSI was a Missouri corporation and the laws mandating procedures to collect assets and pay off debts of a dissolved corporation are set by

Missouri statute. *See* Fed.R.Civ.P. 17(b) (The capacity of a corporation to sue or be sued is determined by the law under which it was organized.)

court were to agree with this conclusion, which it does not, it would provide a tremendous windfall to Mr. Christian because the debts of CSI would be wiped out for all practical purposes while Mr. Christian would receive all the remaining assets of CSI. As is discussed below, this court does not believe that the Missouri legislature intended such a result.

The United States argues that § 351.-525 actually continues to apply to CSI because it was dissolved before the repeal of the statute. It cites *Mark Twain Elec., Inc. v. Yalem*, 825 S.W.2d 366 (Mo.App.1992) as supporting this proposition. The court disagrees with that conclusion. In *Mark Twain* the court held that the proper defendants in a suit concerning a dissolved corporation were the statutory trustees as set out in § 351.525. However, the corporation was dissolved *and* the suit was initiated *prior* to the effective repeal of § 351.525, even though the opinion was delivered after the statute was repealed. In *Mabin Constr. Co., Inc. v. Historic Constrs., Inc.*, 1993 WL 106430, No. WD 46790 (Mo.App., April 13, 1993)[3], the court found that when such a suit against a dissolved corporation was filed after § 351.-525 was repealed, the repealed statute no longer applied even though the corporation was dissolved before § 351.525 was repealed. In like manner, the levies and this interpleader action were filed after the statute was effectively repealed. Therefore, § 351.-525 no longer applies to this action.

However, this does not mean that the statutory trust originally created by § 351.-525 no longer exists. The government argues that even if the statute no longer applies, the only basis for Mr. Christian bringing the claim against the bank was as a trustee on behalf of CSI and, therefore, Mr. Christian is a trustee of the funds for the benefit of CSI because he received the funds in that capacity. On its face, this argument seems to have merit. However, this court has not found any authority to support the proposition that a statutory trust continues to exist after the statute giving it existence is repealed.

The government's argument is appealing because of the common sense, fair play element to it. Where a person receives property as a trustee of an express trust and the only basis for concluding that the trust was dissolved is the fortuitous repeal of the statutory underpinning of the trust, it seems reasonable to find that the property is still held in some representative, fiduciary capacity and that it does not devolve upon the former trustee individually absent some clearly expressed intent to the contrary in the statutory scheme. For that reason, the court believes that the doctrine of resulting trust applies here such that if the statutory trust failed because of the repeal of § 351.525, Mr. Christian holds the funds which are the subject of this interpleader action as trustee of a resulting trust for the benefit of CSI.

"A resulting trust is one implied by law from the acts and conduct of the parties and the facts and circumstances which at the time exist and surround the transaction out of which it arises." *Prange v. Prange*, 755 S.W.2d 581, 592 (Mo.App.1987); *Davis v. Roberts*, 365 Mo. 1195, 295 S.W.2d 152, 156 (en banc 1956). "The test of the right to establish a resulting trust is the true ownership of the consideration upon which the title rests." *Davis*, 365 Mo. 1195, 295 S.W.2d at 157; *Duncan v. Rayfield*, 698 S.W.2d 876, 879 (Mo.App.1985).

Although this court was not able to find any Missouri law which addresses the effect on a statutory trust when the statute which brought it into existence is repealed, it believes that if the repeal of § 351.525 did have the effect of invalidating the trust, then, Missouri law would hold that the trustee holds the trust assets in a resulting trust for the benefit of the settlor. For example, in *Pollock v. Brown*, 569 S.W.2d 724 (Mo.1978) (en banc), the Missouri Supreme Court found that when a trust failed because the purpose of the trust was too indefinite, the trustee held the trust corpus in a resulting trust for the benefit of the transferor. Also, when a testamentary trust fails because it does not provide for disposition of the trust assets; the

---

**3.** This opinion has not yet been released in its permanent form. However, this court would

reach the same conclusion even if *Mabin* had not yet been published.

trustee holds those assets in a resulting trust for the benefit of the testator or his estate. *Estate of McReynolds,* 800 S.W.2d 798, 801 (Mo.App.1990). *See* Restatement (Second) of Trusts Section 411 comment c (1959).

Applying the Missouri precedent by analogy, if the statutory trust failed due to the repeal of the statute, a resulting trust must be imposed to keep Mr. Christian from becoming unjustly enriched by the assets of CSI without regard to CSI's creditors such as the United States. "Equity will not tolerate his unjust enrichment." *Pollock v. Brown,* 569 S.W.2d 724, 730 (Mo.1978) (en banc). Mr. Christian gained rights to the funds as a trustee for CSI. He therefore held the bare legal title to the funds. He may not now simply claim both the legal and the equitable rights to the funds. Therefore, this court holds that if the statutory trust created pursuant to Mo.Rev.Stat. § 351.525 failed due to the repeal of the statute, Mr. Christian, having received those funds as a statutory trustee, continues to hold those funds in a resulting trust for the benefit of CSI.

This outcome is also bolstered by the recent Missouri Court of Appeals case of *Mabin Constr. Co., Inc. v. Historic Constrs. Co., Inc.,* 1993 WL 106430, No. WD 46790 (Mo. App., April 13, 1993). Although this case is not on point and is not yet in final form and may be subject to modification it is helpful in understanding the effect of the repeal of § 351.525. *Mabin Construction* explains how the Missouri legislature intended by its amendments to the corporate dissolution and forfeiture statutes (including the amendment that repealed § 351.525) to allow creditors to continue to reach the assets of dissolved corporations and gives no indication that Missouri intends to allow a former statutory trustee of a corporation to have a windfall by keeping those assets individually without regard to claims of the creditors of the dissolved corporation.

■ Finally, Mr. Christian argues that the levy against him personally has priority over the levy against CSI because it was made a few hours earlier. This court disagrees. CSI, as beneficiary of the trust, has an interest in the funds which could be levied against. *See* Restatement (Second) of Trusts § 407(3) ("Creditors of the beneficiary of a resulting trust can by appropriate proceedings reach his interest and thereby subject it to the satisfaction of their claims against him."). However, Mr. Christian, as a trustee of the funds for the benefit of CSI, does not have an interest in the funds which was subject to levy. *See* Restatement (Second) of Trusts §§ 266–270 (creditors of the trustee may only reach trust assets under certain circumstances which are not present here.) The order of the levies is therefore irrelevant because only the levy against CSI is effective.

For the reasons stated above, then, the United States is entitled to summary judgment.

In his motion to strike, Mr. Christian points out that the United States filed a surreply to his reply without leave of this court. This court agrees and strikes the United States' sur-reply (Doc. # 37). District of Kansas Rule 206 only allows for the filing of motions, responses, and replies and therefore a sur-reply requires leave of the court. Because the United States did not ask for or receive such leave, this court strikes its surreply.

## VI. *Conclusion*

**IT IS THEREFORE ORDERED BY THE COURT** that the United States' Motion for Summary Judgment is granted (Doc. # 26).

**IT IS FURTHER ORDERED** that Kevin Christian's Cross Motion for Summary Judgment (Doc. # 30) is denied.

**IT IS FURTHER ORDERED** that Kevin Christian's Motion to Strike (Doc. # 38) is granted.

**IT IS FURTHER ORDERED** that the court strikes the United States' sur-reply (Doc. # 37).

**IT IS SO ORDERED.**