CITY OF ST. LOUIS vs. JOHN SMITH.

In a proceeding to recover a fine for the violation of a city ordinance, it is not necessary for the statement to be as technical as an indictment. It is sufficient to inform the defendant of what he is called upon to answer.

ERROR to St. Louis Criminal Court.

CARROLL, *for plaintiff in error, insists:*

1. The charge of the City Attorney is sufficient to enable the defendant to understand distinctly what he was called upon to defend.

2. He is charged with violating the provisions of a certain ordinance, the title of which is given, and the day stated upon which it was approved. The name of the officer is stated; the particular office he held is set out; and the offence declared to be an attempt to rescue from said officer a person in his custody as a prisoner; and the penalty prescribed by the ordinance is correctly stated.— Now it seems impossible that *more* could be stated than all this.

PRIMM, *for defendant in error, insists:*

1. There is nothing preserved in the bill of exceptions by which this court can judge if the court below erred.

McBRIDE, J., *delivered the opinion of the Court.*

The City of St. Louis brought her action of debt before the Recorder of said city, against the defendant, on the following complaint:—

"State of Missouri, City of St. Louis, A. D. 1846.
John Smith, To the City of St. Louis, Dr.
To one hundred dollars, for this, to-wit: He, the said Smith, was, in the city of St. Louis, on and between the 1st day of January, eighteen hundred and forty-six, and the 20th day of April, eighteen hundred and forty-six, guilty of a breach and violation of an ordinance of the said city of St. Louis entitled "An ordinance for the punishment of persons obstructing or interfering with any city officer in discharge of duty," approved on the 6th June, A. D. 1845; in this, to-wit: he, the said Smith, did then and there interfere with a city officer, to-wit: Asa Hutchinson, a member of the City Guard, in the discharge of his official duty, and in this, to-wit: he, the said Smith, did then and there attempt to rescue from an officer, Asa Hutchinson, a person by him arrested in the official discharge of his duty. By reason of which, he, the said Smith, has subjected himself to a fine of $100 to the use of the city of St. Louis,—for the recovery of which fine, the said city of St. Louis now sues and brings her action of debt against the said Smith, on the information of Charles C. Carroll, City Attorney of the city of St. Louis."

The defendant having been arrested by the Marshal, was admitted to bail for his appearance before the Recorder to answer the complaint.— On the 20th of April, the defendant appeared, and a trial was had before the Recorder, who, after hearing the evidence, assessed a fine of twenty-five dollars against the defendant, and entered judgment therefor; whereupon, the defendant prayed and obtained an appeal from the said judgment to the Criminal Court of St. Louis county.

In the Criminal Court, the defendant moved the said court to dismiss the cause for the reason that the charge against him was insufficient and defective; which motion the court sustained and dismissed the cause, entering judgment against the city for the costs that had accrued: thereupon, the City Attorney filed his motion to set aside the said judgment, for the reason, first, the judgment of the court in rendering said judgment, was against law; second, the offence with which the defendant was charged was sufficiently set forth in the charge of the City Attorney, and therefore the court erred in rendering said judgment. The court overruled the motion, and the city excepted and has brought the case here by writ of error.

The only question presented for our consideration is, whether the complaint filed by the City Attorney is sufficiently explicit; and here it may be remarked that the proceeding against the defendant before the Recorder is an action of debt, and may be assimilated to a proceeding before a justice of the peace. All, therefore, which is required is that degree of certainty necessary to inform the defendant of what he is called upon to answer, and not that particularity which is technically necessary to constitute a good indictment. Tested by this rule, we can see no reasonable objection to the complaint, for it alledges the ordinance violated, with the time and place of violation, and the attendant circumstances, so as fully to advise the defendant of the cause of action. The only omission which we have noticed in the statement is, the failure to set out the name of the individual attempted to be rescued by the defendant from the officer, and this omission we do not conceive to be sufficient cause for dismissing the case.

Wherefore, the judgment of the Criminal Court in dismissing the case was erroneous, and is hereby reversed, and the cause remanded to that court, for further proceeding to be had therein.