**KANSAS CITY, Missouri, Respondent,**

**v.**

**Lewis STRICKLIN, Appellant.**

No. 53419.

Supreme Court of Missouri,
En Banc.

June 10, 1968.

Herbert C. Hoffman, City Counselor, Richard W. Mason, Jr., Associate City Counselor, Charles A. Lewis, Asst. City Counselor, Attorneys for respondent.

Lillie Knight, W. Raymond Hedrick, Kansas City, Attorneys for appellant.

STORCKMAN, Judge.

The defendant was convicted in the Municipal Court of Kansas City, Missouri, of three separate violations of city ordinances and he appealed to the Circuit Court of Jackson County. When the cases were set for trial in the circuit court, the defendant, appearing in person and by counsel, dismissed his appeal in one case and plaintiff's counsel dismissed another case. The defendant pleaded guilty in the remaining case wherein he was charged with the possession of gambling equipment. The trial judge imposed a fine of $100 and 90 days at the municipal farm but granted a parole as to the jail sentence. The defendant's motion for new trial was overruled and he appealed.

The appeal was originally taken to the Kansas City Court of Appeals which held that the defendant was not aggrieved by the circuit court judgment within the meaning of § 512.020, RSMo 1959, V.A.M.S., and dismissed the appeal. On the defendant's application, the appeal was transferred to this court where it will be heard as an original appeal. Art. V, § 10, Constitution of Missouri 1945, V.A.M.S.

The defendant contends that the information wholly fails to charge the defendant with any offense and that the insufficiency of the information was not waived by his plea of guilty. He further asserts that the sentence was excessive and was imposed for operating a gambling game rather than possession of gambling equipment and was the result of bias and prejudice of the court.

The information under attack reads as follows: "On information, the below named, Assistant City Counselor within and for Kansas City, County of Jackson, and State of Missouri, complains and informs the Court that on or about 10 day of March, A.D. 19466, within the corporate limits of Kansas City, and in and upon 2611 Bales one Lewis Stricklin *and* then and there unlawfully did have in his possession or did have in a room, house, building and place under his control and management, a gaming table, gambling device, or gambling paraphernalia not capable of lawful use. All in violation of Section 23.050 and 1–11 of Revised Ordinances 1956, of Kansas City, Mo."

The ordinance which the defendant was charged with violating is as follows: "Section 23.050. Possession of gambling devices.—No person shall have in his possession or in any room, house, building or place under his control or management any gambling table, gambling device or gambling paraphernalia capable of no lawful use; provided however, that the manufacture, possession and storage thereof in the city solely for sale, shipment and delivery outside the corporate limits of the city shall not be unlawful. (R.O.1946, Sec. 20–5)."

The penalty section of the revised ordinances of Kansas City, § 1.11 applicable to § 23.050 of the ordinances, provides for a fine of not more than $500 or imprisonment not to exceed 12 months or both such fine and imprisonment upon conviction of violation.

We are confronted at the outset with a motion by the City to dismiss the appeal. The first ground of the motion is that the appellate court does not have jurisdiction under Art. V, § 12, of the Missouri Constitution. The designation of § 12 was inadvertence or clerical error and has now been changed to specify § 13 of Art. V. Next the City says the defendant has violated S.Ct. Rule 83.05(a) (5), V.A.M.R., in that factual statements in his written argument do not have page references to the transcript on appeal. The respondent probably intended to cite the portion of Rule 83.05(a) following part (4); however, the requirement is more fully stated in subsection (d) of Rule 83.05 in this fashion: "The statement of facts and the argument shall have specific page references to the transcript on appeal, or, if the transcript is printed, to the printed transcript." The penalty of dismissal may be imposed for violation of this rule. The written argument consists of five pages and the transcript is only nine pages in length. The circumstances of this case do not justify a dismissal on this ground. Finally the City seeks dismissal of the appeal for failure of the defendant "to comply with Civil Rule 83.05(e) and Civil Rule 83.13 in that nowhere in Appellant's Brief is it alleged that the trial court committed error and therefore there is nothing for this Court to review." The points relied on are not wholly deficient and the alleged failure to comply with the rules will be taken into consideration in connection with the disposition of the questions presented. The motion to dismiss the appeal is denied.

The brief filed in the court of appeals by the City asserts that the appeal is not timely or proper because the defendant did not exhaust his remedies at law. It further states that he did not undertake to withdraw his plea pursuant to S.Ct. Rule 27.25, V.A.M.R., and that an appellate court will not review allegations of error unless the question has been presented to or expressly decided by the trial court, citing State v. Eaton, Mo., 394 S.W.2d 402, 403. Immediately after the circuit court imposed the fine and penalty pursuant to the plea of guilty, counsel for the defendant asked if the court would allow the defendant to dismiss his appeal and pay the fine. The request was denied. While this was not a formal compliance with Rule 27.25, it must have been understood as a request for that sort of relief. Furthermore, the motion for new trial filed by the defendant refers to the issues sought to be presented on appeal. Regardless of these circumstances, however, there are matters which can be reviewed on appeal without first having been presented to or decided by the trial court.

Proceedings in municipal courts against persons for violations of city ordinances are civil actions to recover a debt due the city or to impose a penalty for infraction of such ordinances; such proceedings are not prosecutions for crime in a constitutional sense. City of St. Louis v. Flynn, Mo., 386 S.W.2d 44, 48 [6]; City of Webster Groves v. Quick, Mo., 319 S.W. 2d 543, 545 [3]; University City v. Diveley Auto Body Co., Inc., Mo., 417 S.W.2d 107, 108 [2]; City of Clayton v. Nemours, 237 Mo.App. 167, 164 S.W.2d 935 [2, 4, 14]; City of St. Louis v. Smith, 10 Mo. 438. In both the Nemours and Smith cases the appeals were by the cities from adverse judgments. The Nemours case points out that the statutes, now §§ 98.020 and 98.630, relating to appeals from municipal police courts for violations of city ordinances, were intended to set at rest former uncertainties as to the procedure for the trial of such appeals from municipal courts but did not alter the inherently civil nature of the proceedings. The Smith case involved the sufficiency of a complaint filed by the city attorney and this court held that all that was required was the degree of certainty necessary to inform the defendant of what he is called upon to answer, and not the particularity necessary to constitute a sufficient indictment.

A party aggrieved by a final judgment in a proceeding brought by a municipality against a person for violation of a city ordinance is entitled to appeal pursuant to § 512.020, RSMo 1959, V.A. M.S. City of Clayton v. Nemours, 237 Mo.App. 167, 164 S.W.2d 935, 938 [6]. In its supplemental brief filed in this court, however, the City contends that the defendant by his plea of guilty consented to the judgment of the trial court and waived all defenses and errors. This is true as a general proposition, but it does not prevent attacks on the court's jurisdiction and the sufficiency of pleadings initially in the appellate courts. In identical language, S.Ct. Rule 83.13(a) and § 512.160, subd. 1, provide: "Apart from questions of jurisdiction of the trial court over the subject matter and questions as to the sufficiency of pleadings to state a claim upon which relief can be granted or a legal defense to a claim, no allegations of error shall be considered in any civil appeal except such as have been presented to or expressly decided by the trial court." There are similar provisions in the law pertaining to criminal cases. See also S.Ct. Rule 28.02 which is substitutional for §§ 512.010 and 547.270, RSMo 1959, V.A.M.S., relating primarily to the writ of error procedure. This rule provides that no allegation of error respecting the sufficiency of the information or indictment shall be necessary upon an appeal.

The question of jurisdiction of the subject matter and the sufficiency of the pleadings in either a civil or criminal action may be raised at any stage of the proceedings, even after a plea of guilty, and for the first time in the appellate

court. State v. Small, Mo., 386 S.W.2d 379, 381–382 [6]; State v. Chaney, Mo., 188 S.W.2d 19 [1]; United Cemeteries Co. v. Strother, 342 Mo. 1155, 119 S.W.2d 762, 765 [1, 3, 5]. See also Poindexter v. Marshall, Mo.App., 193 S.W.2d 622, 624 [1] and McCrosky v. Burnham, Mo.App., 282 S.W. 158, 160 [2, 3]. We hold, therefore, that the defendant, in spite of his plea of guilty, was entitled to appeal and present issues relating to jurisdiction of the court and to the sufficiency of the pleading charging violation of the ordinance.

The defendant contends that the information fails to allege facts charging the defendant with any offense. Art. V, § 5, of the 1945 Constitution, provides that: "The supreme court may establish rules of practice and procedure for all courts." Pursuant to the grant of power this court has enacted certain rules of practice and procedure for municipal courts among others. With respect to pleadings charging violations of city ordinances, S.Ct. Rule 37.18 provides: "The information or complaint shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Rule 37.20 provides that when the information or complaint alleges the essential facts but fails to inform the defendant of the particulars of the offense sufficiently to enable him to prepare his defense, the court may direct or permit the filing of a bill of particulars. Rule 37.28 relating to jeofails provides that no information or complaint shall be deemed invalid nor shall the trial, judgment or other proceedings thereon be stayed, arrested or in any manner affected "tenth, for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits: Provided, that nothing herein shall be so construed as to render valid any information or complaint which does not fully inform the defendant of the offense of which he stands charged." Rule 37.38 provides that pleadings and motions before trial shall be in accordance with the practice and procedure in civil cases insofar as applicable and that such motions may be oral and informal.

▇▇ In support of his contention that the information fails to allege facts charging the commission of any offense the defendant relies chiefly on four decisions. Kansas City v. Wiskur, Mo.App., 343 S.W. 2d 89, involved an ordinance relating to indecent acts, exhibitions and conduct. The opinion does not recite the information or give its substance, but simply states that it sets forth no facts charging an offense. The opinion recognizes the rule that a complaint in a prosecution for violation of a city ordinance must be determined by the same rules as are applicable in other civil cases. In City of Raytown v. Roach, Mo.App., 360 S.W.2d 741, the complaint was for violation of a traffic ordinance. The Missouri Uniform Traffic Ticket used was in substantially the form as No. 37.1162 promulgated by the Supreme Court and suggested for use in municipal and traffic court cases. None of the six listed offenses were checked, but in a space for other violations the number of the ordinance and these symbols had been written: "C & I ACC". The court held this was not a plain, concise and definite written statement of the essential facts as required by Rule 37.18 or the general law of which the rule was essentially a codification. City of St. Louis v. Flynn, Mo., 386 S.W.2d 44, dealt with a violation of a housing ordinance and this court held that neither the facts alleged nor the facts established by the evidence constituted a violation of the ordinance. In City of St. Louis v. Wyatt, Mo.App., 189 S.W.2d 129, an information was held duplicitous and the evidence insufficient to establish a violation of a city ordinance relating to prostitution. These cases are not controlling or persuasive that the information in the present case is insufficient.

▇▇ Since a proceeding for violation of a city ordinance is in the nature of a civil action, the same strictness in stating an offense is not required as in a

criminal prosecution. City of Springfield v. Stevens, 358 Mo. 699, 216 S.W.2d 450, 453 [2]; University City v. Redwine, Mo. App., 376 S.W.2d 609, 613 [8]; Kansas City v. Martin, Mo.App., 369 S.W.2d 602, 607 [15]. An information or complaint charging the violation of a city ordinance is ordinarily sufficient where it describes the act complained of in the language of the ordinance. City of Springfield v. Stevens, 358 Mo. 699, 216 S.W.2d 450, 453 [3]; University City v. Redwine, Mo.App., 376 S.W.2d 609, 613 [11]; Kansas City v. Martin, Mo.App., 369 S.W.2d 602, 606 [4].

■ The instant information follows quite faithfully the language of the ordinance and specifies the time and place of the alleged offense. In argument the defendant states that it cannot be determined from the allegations of the information whether he is charged with personal possession of the articles of gambling equipment or whether they were in a place under his control or management. Both of these allegations were made in the language of the ordinance and relate to possession, actual or constructive. It is also alleged in the language of the ordinance that the equipment was not capable of lawful use. The defendant further asserts an information charging violation of a city ordinance must inform the defendant of the nature of the action, inform the court of the offense to be tried, and must be sufficient to bar another prosecution for the same offense. If the allegations of an information are sufficient to advise the defendant as to the nature of the violation with which he is charged, we can safely assume that the court will understand what offense is to be tried. It should be noted that the defendant did not ask for a bill of particulars or attack the information in any fashion prior to judgment. When the defendant pleaded guilty, the court asked him what he was doing with the equipment and he answered, "I play policy sometimes."

■ When a defendant does not request a bill of particulars or otherwise attack the sufficiency of an information prior to judgment, he waives any claim he may have had for a more definite and certain statement of the offense or cause of action alleged. State v. Gooch, Mo., 420 S.W.2d 283, 288 [13]; Tucker v. Kaiser, Mo., 176 S.W.2d 622, 624–625 [3, 4 & 6]; Davis v. Roberts, 365 Mo. 1195, 295 S.W.2d 152, 154 [3]; City of St. Louis v. Capitol Vending Company, Mo.App., 374 S.W.2d 519, 521 [3]. There is no showing of prejudice within the rule relating to jeofails. The facts stated in the information were sufficient to notify the defendant of the nature of the offense charged. The information was also sufficient to bar another prosecution for the same offense. Since the information was not invalid, the trial court had jurisdiction to proceed and to render judgment. State v. Reask, Mo., 409 S.W.2d 76, 81 [2]; State v. Rizor, 353 Mo. 368, 182 S.W.2d 525, 526 [1].

■ The defendant's final contention is that the sentence was excessive and was imposed for the offense of operating a gambling game rather than the possession of gambling equipment and was the result of bias and prejudice of the court. There is nothing in the record to support the claim that the sentencing was for operating a gambling game rather than the possession of gambling equipment, or that it was the result of bias or prejudice of the court. With regard to the charge that the judgment was excessive, we note that the penalty provided by ordinance was a fine of not more than $500 or imprisonment not to exceed 12 months or both. The fine and imprisonment adjudged were within the limits authorized and hence not in excess of the court's jurisdiction. In the circumstances the exercise of the court's discretion is not subject to review.

The judgment is affirmed.

All concur except SEILER, J., who concurs in result.