**STATE of Missouri,
Plaintiff-Respondent,**

**v.**

**Sherry MURPHY, Defendant-Appellant.**

**No. 43015.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 3, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 16, 1981.

Joan M. Burger, Terry J. Flanagan, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Judge.

On May 16, 1980, following a hearing in the circuit court, the court revoked the probation to which defendant had been admitted on December 15, 1978. She was then sentenced to one year in the St. Louis Medium Security Institution and further probation was denied. Thereafter on May 22, 1980, defendant filed a notice of appeal to this court. The State as respondent in this appeal questions our jurisdiction to hear the case and moves dismissal of the appeal. For reasons hereinafter given, we deny the motion and affirm the judgment.

We first consider the facts. On October 16, 1978, defendant entered a plea of guilty to a charge of stealing from a dwelling. The court accepted the plea but deferred sentence until December 15, 1978, for pre-sentence investigation. On December 15 the imposition of sentence was suspended for one year and defendant was placed on probation. As one of the conditions of her probation, she was to enter and successfully complete a halfway house program. She left there prematurely and failed to report her address to her probation officer as required. She also neglected to make restitution to the victim of her theft in the amount of $150. Upon the application of the Missouri Board of Probation and Parole, probation was suspended on January 17, 1979, and a capias warrant was ordered to issue for her arrest. She was not arrested until March 31, 1980. Counsel was appointed to represent her on April 11, 1980; and as previously stated, after a hearing before the court on April 16, 1980, her probation was revoked and she was·sentenced.

Usually a plea of guilty consents to the judgment of the trial court and waives all defenses and errors. This does not prevent, however, an attack on the court's jurisdiction and the sufficiency of the indictment or information. *Kansas City v. Stricklin*, 428 S.W.2d 721, 724[7] (Mo.banc 1968); *State v. Zito*, 595 S.W.2d 383, 384[1] (Mo.App.1980). Defendant has appealed. She has made no charge directed toward the sufficiency of the information in respect to the crime charged and she has not challenged the jurisdiction of the circuit court. We find no defect in either respect. The points relied on by defendant on her appeal are directed toward abuses of discretion and failure to accord the appellant due process at the revocation hearing. Any errors that might exist in that proceeding could not affect the validity of the sentence and judgment on the plea of guilty.

Section 547.070, RSMo 1978, provides: "In all cases of final judgment rendered upon any indictment or information, an appeal to the proper appellate court shall be allowed to the defendant. . . ."

This section governs the right of appeal in criminal cases. The right to appeal is based upon statutory law. Unless there is statutory authority, there is no right to an appeal. *United Labor Committee, Inc. v. Ashcroft*, 572 S.W.2d 446, 447[1] (Mo.banc 1978). Furthermore, judgment in a criminal case is final for purposes of appeal when the sentence is entered. *State ex rel. Wagner v. Ruddy*, 582 S.W.2d 692, 693[1, 2] (Mo.banc 1979); *State v. Harris*, 486 S.W.2d 227, 229[1, 2] (Mo.1972). It is therefore clear that the termination by the trial court of probation did not constitute a final judgment. The judgment of the court rendered upon the information charging the defendant with stealing from a dwelling became final when sentence was imposed. It was then that the right of appeal arose; and because defendant had entered a plea of guilty, the appeal was restricted to an attack on sufficiency of the information and jurisdiction of the court. The order to revoke the probation followed the filing of a memorandum by the Missouri Board of Probation and Parole alleging that Sherry Murphy violated the conditions of her probation. This order was not a final judgment rendered upon the information.

When the State moved to dismiss the appeal, it did not consider the rule in *Stricklin, supra*, allowing an appeal to attack the trial court's jurisdiction and the sufficiency of the information. It is true as advanced by the State that the failure of the court to apply standards for parole revocation hearings should be inquired into by a habeas corpus proceeding. *Abel v. Wyrick*, 574 S.W.2d 411 (Mo.banc 1978). As stated in *Reiter v. Camp*, 518 S.W.2d 82, 84 (Mo.App.1974): "*Habeas corpus* is the proper remedy to test the legality of . . . incarceration. . ." But defendant elected to appeal the case and she was granted a supersedeas bond on appeal. The State's motion to dismiss the appeal is therefore denied.

Finding no error in the proceedings leading up to the sentence and judgment, the judgment is affirmed.

STEWART, P. J., and STEPHAN, J., concur.