**Ronald Lewis BOYER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 44454.**

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 25, 1983.

Mark M. Anson, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Jay D. Haden, Asst. Atty. Gen., Jefferson City, for respondent.

SNYDER, Presiding Judge.

This is an appeal from an order of the Circuit Court of the City of St. Louis which revoked the probation to which appellant had been admitted after he had pleaded guilty to three charges of robbery. The appeal is dismissed.

On December 4, 1978, appellant pleaded guilty to three counts of robbery in the first degree. Imposition of sentence was suspended and appellant was placed on five years' probation on January 19, 1979.

Appellant was convicted of second degree murder on September 5, 1980, and was sentenced to twenty years' imprisonment. On October 17, 1980, appellant's probation on the three charges of robbery in the first degree was revoked and appellant was sentenced to three concurrent terms of ten years' imprisonment, the terms to run concurrently with the twenty years' imprisonment for second degree murder.

Appellant argues that the court below "... erred in revoking appellant's probation because there was insufficient evidence to support revocation of probation ..." The dispositive issue, however, is whether appellant may raise this claim of error on appeal.

The state earlier filed a motion to dismiss the appeal which this court denied. After considering the oral arguments of the parties and thoroughly reviewing the full record on appeal the court concludes the motion to dismiss should have been granted and now dismisses the appeal.

The brief and oral argument of appellant raised no issue attacking the judgments on the robbery charges. He could do so only by challenging the sufficiency of the indictment or information, or the jurisdiction of the trial court. See *Kansas City v. Strickland,* 428 S.W.2d 721, 724[7] (Mo. banc 1968). Appellant has not claimed either insufficiency of the charging document or lack of jurisdiction. His appeal spoke only to the order revoking probation. This court considers the appeal in that light.

The revocation of probation was not a final judgment rendered upon an indict-

ment or information. See *State v. Murphy,* 626 S.W.2d 649, 650[1–6] (Mo.App.1981). No appeal may be taken from a revocation of probation; instead, errors in probation revocation proceedings may be contested by the writ of habeas corpus. See *State v. Murphy, supra* at 651[7–9]. Nonetheless, this court has considered the points raised in appellant's attack on the order which revoked his probation and finds these points to be without merit.

Appeal dismissed.

DOWD and GAERTNER, JJ., concur.