**Daniel AMSDEN, Plaintiff-Appellant,**

v.

**STATE of Missouri,**
**Defendant-Respondent.**

**No. 49671.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 6, 1985.

Rehearing Denied Oct. 17, 1985.

Application to Transfer Denied
Nov. 21, 1985.

Peter J.J. Rabbitt, St. Louis, for plaintiff-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

KELLY, Judge.

Daniel Amsden, appellant, appeals from an order of the Circuit Court of St. Louis County denying his Rule 27.26 motion to vacate, set aside, or correct his sentence for robbery in the first degree. The trial court denied his motion without an evidentiary hearing. We affirm.

On March 20, 1980, appellant was found guilty of robbery in the first degree, and the jury recommended that he be sentenced to a fifteen year term of imprisonment. On the same date his bond was increased and he was remanded to the custody of the Department of Justice Services of St. Louis County to await formal sentencing. Being unable to make bond, appellant was confined. Although the trial court's order committed appellant to the custody of the St. Louis County Department of Justice Services, he was mistakenly remitted to the custody of the Missouri Department of Corrections.

On April 7, 1980, the St. Louis County Circuit Court ordered the Missouri Department of Corrections to produce appellant for sentencing. On April 14, 1980, appellant posted bond, and on June 18, 1980, was formally sentenced to a term of fifteen years, given a suspended sentence, and placed on probation for a period of five years.

On January 27, 1984, the St. Louis County Circuit Court revoked appellant's probation and ordered the sentence previously imposed to be executed. Appellant was given credit against the sentence for time previously spent in confinement in connection with the robbery in the first degree

charge, the allegations of violation of his probation, as well as eight months of his probationary period.

On November 29, 1984, appellant filed a Rule 27.26 motion claiming that his confinement was unlawful in that the trial court lacked jurisdiction by reason of § 549.-121(2) RSMo 1978 (repealed in 1982) to place him on probation; that consequently it did not have authority to revoke his probation, and therefore the trial court's action was violative of his due process rights. Appellant's motion was denied on December 26, 1984, and appellant perfected this appeal from that order of court.

Before addressing the issues raised on appeal, we must direct our attention to a procedural matter. Appellant failed to comply with Rule 84.04(d) in that he did not state wherein and why the trial court erred in his point relied on. As Judge Finch eloquently put it in *Thummel v. King*, 570 S.W.2d 679, 686 [6, 8, 10] (Mo. banc 1978):

> The requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of appellate courts. It is rooted in sound policy ... When counsel fail in their duty by filing briefs which are not in conformity with the applicable rules and do not sufficiently advise the court of the contentions asserted and the merit thereof, the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency. Courts should not be asked or expected to assume such a role. In addition to being inherently unfair to the other party on appeal, it is unfair to parties in other cases awaiting disposition because it takes from them appellate time and resources which should be devoted to expeditious resolution of their appeals.

We could dismiss this appeal in accordance with *Thummel v. King* by reason of appellant's failure to comply with Rule 84.-04(d). However, due to the nature of this appeal in that appellant is contesting the lawfulness of his imprisonment which deprives him of his liberty and the fact that we are able to determine from the record as a whole the crux of his point relied on we will address the issues presented.

■ Respondent contends that this appeal should be dismissed because it is from a probation revocation proceeding which is non-appealable, and cites *Boyer v. State*, 646 S.W.2d 388 (Mo.App.1983) in support of its position. *Boyer* holds that no appeal lies from a probation revocation proceeding and that error in such proceedings may be contested by writ of habeas corpus, *Boyer v. State*, supra, at p. 389. While respondent's contention puts forth a valid principle of law, it does not apply to the facts of this case. This case presents an appeal from a ruling on a Rule 27.26 motion. It is not a direct appeal from appellant's probation revocation. Denial of a Rule 27.26 motion may be appealed pursuant to Rule 27.26(j), and therefore we reject respondent's argument that this appeal should be dismissed on those grounds.

■ In our review of the order denying appellant's Rule 27.26 motion we limit our scope of review to whether the trial court's ruling was clearly erroneous, *State v. Shelley*, 655 S.W.2d 126, 127[2] (Mo.App.1983); *State v. Davis*, 438 S.W.2d 232, 234[3] (Mo.1969); Rule 27.26(j). We therefore undertake to review the order of the Circuit Court of St. Louis County in this light.

■ Appellant asserts the trial court erred in placing him on probation on June 18, 1980, because it did not have jurisdiction to take such action pursuant to § 549.-121(2) RSMo 1978. As a remedy for this alleged usurpation of statutory authority he requests credit for the entire time he was imprisoned and on probation with relation to his first degree robbery charge from the date he was mistakenly transferred to the Missouri Department of Corrections until his revocation of probation, or, in the alternative, that he be completely discharged.

Section 549.121(2), which was in effect at the time appellant was placed on probation, provides, "No court has power to grant probation or parole to any defendant after he has been delivered to the division of corrections." The determination of whether § 549.121(2) is applicable and whether the trial court had jurisdiction to place appellant on probation revolves around the word "delivered" as used in the statute. Appellant rationalizes that because he was transferred to the Missouri Department of Corrections after his conviction he was "delivered" to the Department and thus it gained jurisdiction over his probation and parole.

The factual situation presented here is most unusual because appellant was transferred to the Missouri Department of Corrections prior to being formally sentenced by the trial court. The question that must be answered in resolving this issue on appeal is whether the mistaken transfer of the appellant to the Missouri Department of Corrections constituted an adequate "delivery" as that term is employed in the statute. As we construe the word "delivery" as used in the context and apply it to this factual situation the answer must be "no."

After the jury returned its guilty verdict in this case the trial court remanded appellant to the custody of the Department of Justice Services of St. Louis County to await formal sentencing. The transfer of appellant to the Missouri Department of Corrections was obviously in violation of the trial court's order. In view of the fact appellant had not been formally sentenced, and there was no formal court order committing him to the Missouri Department of Corrections, we cannot conclude appellant was "delivered" to the Missouri Department of Corrections in the context of § 549.121(2). Without a valid court order directing that a defendant be committed to the Missouri Department of Corrections, we hold that § 549.121(2) does not apply, and jurisdiction remained in the trial court to grant appellant probation in this case.

■ The trial court in its order revoking appellant's probation granted him credit against the sentence for the time previously spent in custody in connection with the charge and in connection with the allegation of violation of probation and for the eight months of his probationary period. As we interpret this order, it means that appellant is to receive credit for *all* of the time he spent in jail prior to trial, the time he spent in the Missouri Department of Corrections awaiting sentencing, as well as an additional eight months of his probationary period. This credit of time against appellant's sentence was not in error. The trial court acted correctly in not granting an additional credit for time spent on bail or on probation.

■ An individual on bail is not in custody, and the law does not allow credit for time spent on bail against an individual's sentence. *State v. Leftridge,* 634 S.W.2d 233 (Mo.App.1982). Therefore appellant was not entitled to credit for the time he spent out on bond prior to trial or for that period of time he was out on bond between the finding of guilt by the jury and his formal sentencing.

With regard to the question whether credit should be given against a person's sentence for time spent on probation, § 559.036(3) RSMo 1978 is dispositive. This statute provides that the mitigation of a prison sentence by giving one credit for time spent on probation is strictly within the discretion of the trial court. *State v. Gilmore,* 617 S.W.2d 581, 584[6] (Mo.App. 1981). We find no error or abuse of that discretion in the trial court's action granting appellant eight months credit against his sentence for time spent on probation.

Therefore, we affirm the trial court's denial of appellant's Rule 27.26 motion.

STEPHAN, C.J., and SIMON, P.J., concur.