STATE of Missouri, Respondent,

v.

Jerome K. ROARK, Appellant.

No. 18998.

Missouri Court of Appeals,
Southern District,
Division Two.

June 9, 1994.

C.R. Rhoades, Neosho, for appellant.

No appearance for respondent.

PER CURIAM.

On August 3, 1991, Appellant, Jerome K. Roark, pled guilty to driving while intoxicated. § 577.010, RSMo 1986. The trial court granted a suspended imposition of sentence

and placed Appellant on probation for two years.

Within the two-year period, the prosecuting attorney filed an application to revoke Appellant's probation. The trial court ultimately conducted a hearing at which Appellant appeared in person and with counsel. Three witnesses testified. At the end of the hearing, the trial court revoked Appellant's probation and sentenced him to pay a $500 fine. This appeal followed.

The two points relied on in Appellant's brief are:

"I.

The trial court erred in finding that the Appellant had violated his probation because there was no evidence that Appellant had committed a crime.

II.

The trial court erred in failing to sustain Appellant's motion to dismiss for lack of jurisdiction, because the hearing that was conducted was done after the expiration of probation."

▆▆▆ Rule 30.06 [1] establishes several requirements for an appellant's brief in a criminal case. Paragraph "(d)" provides:

"The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous. . . .

Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule."

Appellant's first point indicates the trial court revoked Appellant's probation because Appellant committed a crime during the period of probation.

The trial court found Appellant was a minor at the time of the revocation hearing. There was testimony which arguably showed that on May 21, 1993, some twelve weeks before the hearing, Appellant drank liquor.

Appellant's first point does not state wherein and why there was no evidence that Appellant had committed a crime. Similar points relied on have been uniformly held to preserve nothing for appellate review. *State v. Jackson*, 477 S.W.2d 47, 53[11] (Mo.1972); *State v. Flemming*, 855 S.W.2d 517, 520[7] (Mo.App.S.D.1993); *State v. Keith*, 811 S.W.2d 70, 71 (Mo.App.S.D.1991); *State v. Casey*, 683 S.W.2d 282, 285–86 (Mo.App.S.D. 1984); *State v. Brown*, 554 S.W.2d 574, 580[15] (Mo.App.1977). A point relied on written in violation of Rule 30.06(d) which cannot be understood without resort to the transcript or argument portion of the brief preserves nothing for appellate review. *State v. Smith*, 770 S.W.2d 469, 472[3] (Mo. App.W.D.1989); *State v. Adams*, 741 S.W.2d 781, 785[9] (Mo.App.E.D.1987); *State v. Rainwater*, 602 S.W.2d 233, 236[5] (Mo.App. S.D.1980). No duty is owed an appellant by a reviewing court to seek through the transcript or the argument portion of the appellant's brief to ascertain "wherein and why" the action or ruling of the trial court is allegedly erroneous. *Rainwater*, 602 S.W.2d at 236[5]; *State v. McClain*, 541 S.W.2d 351, 354 (Mo.App.1976).

Consistent with the cases cited in the preceding paragraph, we hold Appellant's first point preserves nothing for review.

Appellant's second point is arguably vulnerable to the same fate as his first. However, we have undertaken to glean the import of the point from the argument that follows it.

Appellant's theory of error, as we comprehend it, is that the trial court lacked jurisdiction to revoke probation because the revocation hearing occurred August 16, 1993, two weeks after expiration of the two-year period of probation.

The only authority cited by Appellant in support of his second point is § 559.036.6, RSMo Cum.Supp. 1992, which reads:

"The power of the court to revoke probation shall extend for the duration of the term of probation designated by the court and for any further period which is reasonably necessary for the adjudication of mat-

1. Rule references are to Missouri Rules of Crimi- nal Procedure (1994).

ters arising before its expiration, provided that some affirmative manifestation of an intent to conduct a revocation hearing occurs prior to the expiration of the period and that every reasonable effort is made to notify the probationer and to conduct the hearing prior to the expiration of the period."

The sparse record furnished us demonstrates that the prosecutor's application to revoke Appellant's probation was filed in the trial court on June 3, 1993, two months before expiration of the period of probation.

Filed simultaneously with the application was a notice that the trial court would conduct a hearing on June 23, 1993, to determine whether probation would be revoked.

On June 23, 1993, as we interpret the trial court's docket sheet, the State appeared by an assistant prosecuting attorney; Appellant appeared in person and with his lawyer. The docket sheet shows:

"State requests continuance because they failed to supoena [sic] witnesses. Hearing continued to Aug 9, 93 at 11:00."

The next docket entry is dated June 30, 1993. It reads:

"Request for cont. filed by def."

On July 2, 1993, the trial court reset the probation violation hearing for August 16, 1993. As reported earlier, the hearing occurred that date.

At the outset of the hearing, Appellant orally moved the trial court to "dismiss" the application to revoke probation because, according to Appellant, the trial court "lacks jurisdiction to proceed." Appellant argued the requirements of § 559.036.6 (quoted *supra*) had not been met in that there had been no affirmative manifestation of an intent to conduct a revocation hearing prior to expiration of the two-year period of probation and no reasonable effort to conduct such a hearing prior to the expiration date.

The trial court noted that after the State's request for a continuance was granted June 23, 1993, Appellant requested a continuance which resulted in the August 16, 1993, setting. The trial court concluded:

"I find ... that concerning the Court's calendar and the State's calendar and the Defendant's calendar, this is the soonest that we could work it in. So, therefore, I deny your motion."

█ A trial court retains jurisdiction to revoke probation after expiration of the period of probation if the probation violation occurs and formal revocation procedures are initiated during that period. *Wesbecher v. State,* 863 S.W.2d 2, 5[3] (Mo.App.E.D.1993). Each of those requirements was met here.

Even though the State failed to subpoena witnesses for the hearing scheduled June 23, 1993 (an oversight unexplained in the meager record), it is evident that the State maintained its resolve to pursue the probation violation.

The trial court, by originally scheduling the revocation hearing for June 23, 1993, manifested an intent to conduct a revocation hearing prior to expiration of the period of probation. When that hearing was aborted because of the State's neglect, the trial court, of necessity, had to reschedule the hearing.

It is inferable that rescheduling it any earlier than August 16, 1993, would have been unacceptable to Appellant. As we have seen, after the trial court reset the hearing for August 9, 1993, Appellant requested a continuance. This resulted in the hearing being held August 16, 1993. It is noteworthy that Appellant did not challenge the trial court's statement that because of the respective schedules of the State, Appellant and the trial court, August 16, 1993, was "the soonest that we could work it in."

The burden of demonstrating error is on Appellant. *State v. Harrison,* 539 S.W.2d 119, 121[1] (Mo.App.1976); *State v. Harris,* 534 S.W.2d 516, 519[6] (Mo.App.1976). We hold Appellant has failed to show the trial court did not make every reasonable effort to conduct the revocation hearing prior to expiration of the period of probation.

Judgment affirmed.