**STATE of Missouri, Plaintiff/Respondent,**

v.

**Chelsea STEWART, Defendant/Appellant.**

No. ED 76377.

Missouri Court of Appeals, Eastern District, Division Two.

March 21, 2000.

Robert M. Wohler, O'Fallon, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT G. DOWD, Jr., Judge.

Defendant, Chelsea Stewart, appeals from the circuit court's judgment revoking his probation and sentencing him to three

years in the Missouri Department of Corrections. We dismiss the appeal.

Defendant was convicted of two counts of first-degree sexual abuse in violation of Section 566.100, RSMo Cum.Supp.1991, and one count of second-degree sexual abuse in violation of Section 566.110, RSMo Cum.Supp.1991. The circuit court sentenced Defendant to concurrent three-year terms of imprisonment in the Missouri Department of Corrections for first-degree sexual abuse and a concurrent one-year county jail sentence for second-degree sexual abuse. In addition, the circuit court retained jurisdiction over Defendant for 120 days to consider probation under Section 559.115, RSMo 1994.

Defendant was remanded to the custody of the Department of Corrections. Thereafter, on May 5, 1994, the circuit court exercised its discretion pursuant to Section 559.115, RSMo 1994, and placed Defendant on probation for a period of five years. In April 1999, the State filed a motion to revoke Defendant's probation. On April 26, 1999, the circuit court suspended Defendant's probation and scheduled a probation revocation hearing for May 6, 1999. On May 3, 1999, Defendant requested a continuance of his revocation hearing. On May 14, 1999, the circuit court ordered Defendant placed on electronic monitoring until his revocation hearing.

A hearing was held on June 9, 1999. At the conclusion of the hearing, the circuit court found that Defendant had violated conditions 8 and 9.1 of his probation, which required Defendant to participate in a sexual offender treatment program. The circuit court ordered Defendant's probation revoked and that Defendant be committed to the Missouri Department of Corrections to serve his previously imposed sentence.

Defendant contends (1) the circuit court abused its discretion by revoking his probation, (2) the circuit court erred by not considering alternatives to incarceration, and (3) his probation revocation and imposition of sentence violated double jeopardy and the circuit court erred by not issuing written findings supporting the revocation order. Defendant's contentions only concern and address the order revoking probation.

■■■ The revocation of probation is not a final judgment rendered upon an indictment or information. *Boyer v. State,* 646 S.W.2d 388, 388–89 (Mo.App. E.D. 1983); *State v. Henderson,* 750 S.W.2d 507, 516 (Mo.App. W.D.1988). No appeal may be taken from a revocation of probation; instead, errors in probation revocation proceedings may be contested by a writ of habeas corpus. *Boyer,* 646 S.W.2d at 389; *Henderson,* 750 S.W.2d at 516; *State v. Vansickle,* 774 S.W.2d 583 (Mo. App. E.D.1989).

■■■ We have considered the question as to whether we should, in our discretion, treat Defendant's appeal as an original application for a writ of habeas corpus and have concluded that we should not do so.

Accordingly, the appeal is dismissed.

CRANE, P.J., and SULLIVAN, J., concur.