**STATE of Missouri, Respondent,**

v.

**Jerry Lee GALLEGOS, Appellant.**

No. 23636.

Missouri Court of Appeals,
Southern District,
Division Two.

June 14, 2001.

H. Mark Preyer, Kennett, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

Before BARNEY, C.J., GARRISON and RAHMEYER, JJ.

PER CURIAM.

Jerry Lee Gallegos ("Appellant") appeals the revocation of his probation. We dismiss the appeal.

On July 13, 1993 Appellant pled guilty to the felony of possession of a controlled substance with intent to distribute. He was sentenced to a five-year term of imprisonment. He was placed on supervised probation on October 18, 1993. Allegations were made that the Appellant violated the conditions of his probation by committing new offenses in Texas. As a result of his pleading guilty to these new of-

fenses, Appellant was incarcerated in Texas. New Madrid County issued a warrant for Appellant's arrest on July 29, 1996. It was served on Appellant on January 14, 2000 after he was released from jail in Texas and he had returned to Missouri. A probation revocation hearing was held on February 22, 2000. Subsequently, on April 17, 2000, Appellant's probation was revoked. The court denied Appellant's motion to dismiss. Appellant claims that ruling was error.

Appellant's claim of error on appeal is the trial court's denial of Appellant's motion to dismiss the probation revocation proceeding. In *Green v. State*, 494 S.W.2d 356 (Mo.banc 1973) the Missouri Supreme Court was faced with an appeal relating to the legality of revocation of the appellant's probation. The appellant brought his appeal under the then effective Rule 27.26. 494 S.W.2d at 357. The court held that the rule did not allow the relief defendant was requesting. *Id.* The court then stated, "Habeas corpus would appear to be the proper remedy." *Id.*

Revocations of probation are not final judgments. "[A] judgment in a criminal case is final for purposes of appeal when the sentence is entered." *State v. Murphy*, 626 S.W.2d 649, 650 (Mo.App. E.D.1981). Therefore, a revocation of probation is not a final judgment. *State v. Henderson*, 750 S.W.2d 507, 516 (Mo.App. W.D.1988); *Murphy*, 626 S.W.2d at 650. Rather, errors in revoking probation must be addressed through a writ of habeas corpus. *Henderson*, 750 S.W.2d at 516; *Murphy*, 626 S.W.2d at 651.

Appellant alleges no error with the original judgment in his case. This court has no jurisdiction over the error alleged by Appellant. The appeal is dismissed.