**STATE of Missouri, Respondent,**

v.

**Terry J. BURNETT, Appellant.**

**No. WD 59948.**

Missouri Court of Appeals,
Western District.

Submitted Jan. 31, 2002.

Decided April 2, 2002.

Jeffrey Bruce Tonkin, Kansas City, for appellant.

Jess E. Michaelsen, Platte City, for respondent.

Before PAUL M. SPINDEN, C.J., P.J.; JAMES M. SMART, JR., and LISA WHITE HARDWICK, JJ.

JAMES M. SMART, JR., Judge.

Appellant Terry J. Burnett pleaded guilty to driving while intoxicated. Imposition of sentence was suspended, and the court placed Burnett on probation for two

years. After revocation of his probation, sentence was imposed. Burnett appeals the judgment revoking his probation and imposing sentence of 30 days in the Platte County jail.

Burnett raises three points on appeal, alleging first that the trial court erred in revoking his probation because the court failed to conduct the revocation hearing prior to the expiration of the term of probation and did not make every reasonable effort to conduct that hearing prior to the expiration of the term of probation. Second, he contends that the court erred in imposing sentence on the underlying charge because the court cannot extend the term of probation beyond the maximum time permitted by the statute. Finally, he argues the trial court erred in revoking the probation and imposing sentence because the trial court erred in admitting court records from another state without the proper certifications. The appeal is dismissed.

### Facts

Burnett pleaded guilty to a class B misdemeanor of driving while intoxicated on February 17, 1999. Burnett received a suspended imposition of sentence and was placed on supervised probation for two years. Terms of probation included completing forty hours of community service, paying the required sum to the crime victims' compensation fund, obeying all laws including traffic laws and ordinances, and reporting to the probation officer as directed. The probation terms required that any arrests for law violations be reported within forty-eight hours.

On March 1, 2000, Burnett was arrested and charged with driving while intoxicated in the state of Arizona. Burnett did not report this violation to his probation officer within forty-eight hours. When the probation officer did become aware of the violation, a probation violation report was filed with the plea court on April 26, 2000. The report alleged violations for failing to obey all laws and failure to report an offense within forty-eight hours of the occurrence. The report also indicated that in response to questions about the ticket and about his failure to report the offense, Burnett stated, "I wasn't happy about it ... I didn't realize I had to. I didn't know, with it being out of state too."

On April 26, 2000, the plea court entered an order that stayed the running of Burnett's probation. This order was entered on the court's docket sheet only. On May 22, 2000, the court sent notice to Burnett of his scheduled probation violation hearing on June 28, 2000. On June 9, 2000, August 8, 2000, and September 12, 2000, Burnett through his attorney requested and received continuances of the hearing. The docket entry for September 12, 2000, stated: "Defendant is entering a plea on the case in Tuson [sic], Arizona on 10/25/00 which will make a difference on this case." The State did not object to the requested continuances. On November 1, 2000, November 15, 2000, and January 2, 2001, the State requested and received continuances. Burnett did not object to the continuances, and neither he nor his attorney was present on January 2, 2001, when the matter was continued to March 21, 2001.

Sometime prior to February 19, 2001, Burnett was ordered to report to his probation officer. On February 19, 2001, Burnett's attorney wrote him a letter stating that by operation of law his probation was terminated on February 17, 2001, and that he was not obligated to report. On February 26, 2001, the probation officer wrote to Burnett explaining that because of his violation status the probation "clock" had stopped and ordered him to report on March 1, 2001. Burnett did not report. As a result, the probation officer filed a

supplemental violation report on March 7, 2001, alleging the additional violation of failing to report to a probation officer as ordered.

On March 21, 2001, Burnett and his attorney appeared at the previously scheduled revocation hearing. At this hearing, for the first time Burnett argued and made written motion that the matter should be dismissed in that the court did not have jurisdiction to hold a probation violation hearing because the probationary period had expired by operation of law on February 17, 2001. The court took the matter under advisement, giving the State an opportunity to respond, and reset the matter on April 25, 2001.

At the hearing on April 25, 2001, Burnett's motion to dismiss was denied. Appellant admitted to the violation in the amended report, regarding failure to report as ordered, but denied the allegations of the original report. The State presented certified copies of the court records from Tucson, Arizona, which were admitted over Burnett's objection that the records were inadmissible as hearsay evidence. The court found that Burnett had violated the probation, revoked probation, entered sentence, and ordered Burnett to serve thirty days in the county jail.

## Appealability

We first turn to the issue of whether a direct appeal from an adverse ruling on a probation revocation is cognizable. In *State v. Stewart*, 14 S.W.3d 671 (Mo.App.

2000), the defendant, after serving 120 days, was placed on probation on May 5, 1994. The probation period was five years. In April of 1999, the State filed a motion to revoke the probation. *Stewart*, 14 S.W.3d at 672. The circuit court suspended the probation and scheduled a revocation hearing for May 6, 1999, which was rescheduled to June 9, 1999, after the defendant requested a continuance. *Id.* At the hearing in June of 1999, which occurred after the five-year term had expired, the probation was revoked and the defendant filed a direct appeal. *Id.*

■ In dismissing the appeal, the court stated: "The revocation of probation is not a final judgment rendered upon an indictment or information." *Id. (citing Boyer v. State*, 646 S.W.2d 388, 388–89 (Mo.App. 1983); *State v. Henderson*, 750 S.W.2d 507, 516 (Mo.App.1988)). No appeal may be taken from a revocation of probation; instead, errors in probation revocation proceedings may be contested by the appropriate writ. *Stewart*, 14 S.W.3d at 672; *Boyer*, 646 S.W.2d at 389; *Henderson*, 750 S.W.2d at 516.

Indeed, with the exception of one case, each of the cases cited by Burnett on the issue of whether a probation may be revoked after the probationary period has expired, were brought either as a writ action[1] or as an appeal from a denial of a post-conviction motion.[2] In the one case in which a direct appeal was brought, *State v. Roark*, 877 S.W.2d 678 (Mo.App.1994), the State did not file a brief or move to dis-

---

1. *State ex rel. Carlton v. Haynes*, 552 S.W.2d 710 (Mo. banc 1977); *State ex rel. Cline v. Wall*, 37 S.W.3d 877 (Mo.App.2001); *Jordan v. Flynn*, 903 S.W.2d 261 (Mo.App.1995); *State ex rel. Connett v. Dickerson*, 833 S.W.2d 471 (Mo.App.1992); *State ex rel. Cochran v. Andrews*, 799 S.W.2d 919 (Mo.App.1990); *Brandt v. Percich*, 507 S.W.2d 951 (Mo.App. 1974); *Moore v. Stamps*, 507 S.W.2d 939 (Mo. App.1974).

2. *Wilson v. State*, 813 S.W.2d 833 (Mo. banc 1991); *Williams v. State*, 927 S.W.2d 903 (Mo.App.1996); *Wesbecher v. State*, 863 S.W.2d 2 (Mo.App.1993). Both Rules 24.035(a) and 29.15(a) allow a claim that the court imposing the sentence was without jurisdiction to do so.

miss. The court disposed of the matter on the grounds that the defendant did not carry his burden of proof. *Id.* at 680.

■ It is true that a direct appeal from a probation revocation is cognizable when subject matter jurisdiction is at issue. *State v. Vansickle,* 774 S.W.2d 583, 583 (Mo.App.1989); *State v. Morgan,* 654 S.W.2d 326, 326–27 (Mo.App.1983); *Boyer,* 646 S.W.2d at 388. Burnett has cloaked his first point on appeal in terms of a jurisdictional question, claiming that the court lost jurisdiction when the probation revocation hearing was held after the expiration of the term of probation.

A direct appeal may be allowed when there is an issue of subject matter jurisdiction. *Kansas City v. Stricklin,* 428 S.W.2d 721, 724–25 (Mo. banc 1968). In *Stricklin,* defendant contended that the information failed to charge him with an offense, and that the insufficiency of the information was not waived by his guilty plea. *Id.* at 723. The City, in its supplemental brief, argued that the defendant by his plea of guilty consented to the judgment of the trial court and waived all defenses and errors. *Id.* at 724. In rejecting the City's argument, the Court stated: "This [referring to the City's argument] is true as a general proposition, but it does not prevent attacks on the court's jurisdiction and the sufficiency of pleadings initially in the appellate courts." *Id.* The Court further stated: "The question of jurisdiction of the subject matter and the sufficiency of the pleadings in either a civil or criminal action may be raised at any stage of the proceedings, even after a plea of guilty, and for the first time in the appellate court." *Id.* at 724–25.

*Stricklin* was followed by *State v. Murphy,* 626 S.W.2d 649 (Mo.App.1981). In *Murphy,* the defendant pleaded guilty to a charge of stealing from a dwelling, received a suspended imposition of sentence,

and was placed on probation. Subsequently, the probation was revoked and a sentence imposed. Murphy appealed. In rejecting the State's motion to dismiss, the court, citing *Stricklin,* stated: "Usually a plea of guilty consents to the judgment of the trial court and waives all defenses and errors. This does not prevent, however, an attack on the court's jurisdiction and the sufficiency of the indictment or information." *Murphy,* 626 S.W.2d at 650. The court in *Murphy* noted that revocations of probation are not final judgments. *Id.* Errors in probation revocations must be addressed through a writ of habeas corpus. *State v. Gallegos,* 47 S.W.3d 402, 403 (Mo.App.2001).

■ Other cases, following *Murphy,* indicate that a direct appeal from probation revocation may be permissible if it challenges the sufficiency of the indictment or if the jurisdiction of the court is challenged. All of the cases appear to relate to the issue of subject matter jurisdiction as opposed to jurisdiction over the person. The jurisdictional issue raised by Burnett, however, is one of jurisdiction over the person. At the revocation hearing, Burnett's attorney stated, "And I indicated just now that the Defendant was prepared to proceed based upon that and without waiving his prior challenge to the court's *in personam* jurisdiction." Similarly, on appeal it is clear that Burnett claims lack of jurisdiction over the person.

■ Issues of jurisdiction over the person due to the expiration of probation are properly presented in a writ application. *See State ex rel. Limback v. Gum,* 895 S.W.2d 663 (Mo.App.1995); *Jordan v. Flynn,* 903 S.W.2d 261 (Mo.App.1995). Because Burnett does not attack the sufficiency of the information or otherwise challenge the court's subject matter jurisdiction, a direct appeal from his probation

revocation hearing is not the proper method to address any alleged deficiencies in the trial court's revocation of the probation. *See Morgan*, 654 S.W.2d at 326–27. Accordingly, the appeal is dismissed.

SPINDEN and HARDWICK, JJ., concur.