STATE of Missouri,
Plaintiff/Respondent,

v.

Robert ENGLE, Defendant/Appellant.

No. ED 83358.

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 13, 2004.

Forrest Kant Wegge, Hillsboro, MO, for appellant.

Shannon Renee Dougherty–Lee, State Attorneys Office, Dittmer, MO, for respondent.

SHERRI B. SULLIVAN, Chief Judge.

On January 14, 2003, Robert Engle (Defendant) pleaded guilty to domestic assault in the third degree. In accordance with a plea agreement, the court suspended imposition of Defendant's sentence and placed him on probation. On August 7, 2003, the trial court concluded that Defendant had violated the conditions of his probation and revoked his probation. The court sentenced Defendant to six months in the county jail, but suspended execution of the sentence and placed Defendant on probation for two years. Defendant has filed the instant appeal, stating he is appealing "the trial court's ruling that he violated a condition of his probation resulting in the revocation of the suspended imposition of the sentence and the imposition of a six (6) month jail sentence."

 We have a duty to *sua sponte* determine whether we have jurisdiction to entertain an appeal. *State v. Wilson,* 15 S.W.3d 71, 72 (Mo.App. S.D.2000). There is no right to an appeal without statutory authority. *State v. Williams,* 871 S.W.2d 450, 452 (Mo. banc 1994). Section 547.070, RSMo 2000, provides for an appeal in criminal cases in all cases of "final judgment." A final judgment in a criminal case occurs only when a sentence is entered. *State v. Lynch,* 679 S.W.2d 858, 859–60 (Mo. banc 1984). No appeal may be taken from a revocation of probation; instead, errors in probation revocation proceedings may be contested by the appropriate writ. *State v. Stewart,* 14 S.W.3d 671, 672 (Mo.App. E.D.2000).

We issued an order directing Defendant to show cause why this appeal should not be dismissed. Defendant did not file a response. A direct appeal from his probation revocation hearing is not the proper method to address any alleged deficiencies in the trial court's revocation of the probation. *Stewart,* 14 S.W.3d at 672.

The appeal is dismissed for lack of a final, appealable judgment.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.