STATE of Missouri, Plaintiff/Respondent,

v.

Jarvis PERSON, Defendant/Appellant.

No. ED 91711.

Missouri Court of Appeals, Eastern District, Division Five.

June 16, 2009.

Robert Adler, St. Louis, MO, for Defendant/Appellant.

Shaun Mackelprang, Jefferson City, MO, for Plaintiff/Respondent.

NANNETTE A. BAKER, Chief Judge.

Jarvis Person (Defendant) appeals from the judgment of the trial court revoking his probation and sentencing him to five years for possession of a controlled substance. We dismiss the appeal.

On March 30, 2004, Defendant pleaded guilty to possession of a controlled substance and received a suspended imposition of sentence. The trial court placed Defendant on probation for four years. In January of 2008, the State filed a request for revocation of Defendant's probation based on probation violation reports filed in 2007. After a hearing, the trial court revoked Defendant's probation on June 26, 2008 and sentenced Defendant to five years' imprisonment. On July 30, 2008, Defendant filed a notice of appeal in which he stated his probation was revoked without personal service of the notice of revocation and challenging "whether revocation is warranted under all the circumstances." Defendant also challenged evidence received during the revocation hearing.

This Court issued an order directing Defendant to show cause why his appeal should not be dismissed. Defendant has filed a "Response to the Order to Show Cause or Alternative Motion to Reconsider Order denying Writ of Habeas Corpus."

The notice of appeal was unclear whether Defendant was appealing from his actual sentence of five years or was challenging the revocation of his probation. In his response, Defendant does not assert he is appealing from his sentence. If Defendant intended to appeal from his sentence, then his notice of appeal was untimely. A notice of appeal is due in a criminal case ten days after the Defendant is sentenced. Rule 30.01(d). Therefore, Defendant's notice of appeal was due on Monday, July 7, 2008. Rule 30.01(d); Rule 20.01(a). Defendant's notice of appeal was filed on July 30, 2008, which is untimely.

To the extent Defendant is appealing from the order revoking his probation, a direct appeal is not the proper method to address any deficiencies in the trial court's revocation of probation. *State v. Engle,* 125 S.W.3d 344, 345 (Mo.App. E.D.2004). No appeal may be taken from the probation revocation; rather, such errors may be contested by a petition for an extraordinary writ. *Id.*; *See also, State ex rel. Poucher v. Vincent,* 258 S.W.3d 62, 64 (Mo. banc 2008).[1]

In his response, Defendant relies upon *State v. Burnett,* 72 S.W.3d 212 (Mo. App. W.D.2002), for his proposition that a direct appeal from a probation revocation is cognizable if the defendant is challenging the subject matter jurisdiction of the trial court. Defendant then asserts that a claim that the trial court lost jurisdiction when the probation revocation hearing was

1. Defendant did file a petition for writ of habeas corpus with this Court, which was denied on July 2, 2008.

held after the expiration of the term of probation and a claim that Defendant did not receive proper notice both involve subject matter jurisdiction. *Burnett* does not conclude that these are issues of subject matter jurisdiction. Instead, *Burnett* concludes that an issue of a hearing after the expiration of the term of probation is an issue of *personal jurisdiction,* not subject matter jurisdiction. *Id.* at 215. As issues of personal jurisdiction, they are properly raised in a petition for writ, not an appeal. *Id.*

The appeal is dismissed for lack of a final, appealable judgment.[2]

PATRICIA L. COHEN and KENNETH M. ROMINES, JJ., concur.

2. Defendant's request that this Court reconsider its order denying his previous petition for a writ of habeas corpus is denied. Defendant's remedy, if any, is to file his writ petition with the Missouri Supreme Court.