Burton Donald WOODS, III, Movant,

v.

STATE of Missouri, Respondent.

No. 55280.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 6, 1989.

Margaret E. Gangle, St. Louis, for movant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant appeals denial of post conviction relief under former Rule 27.26 (repealed January 1, 1988). We affirmed a sentence of imprisonment without the possibility of probation or parole for fifty years on the crime of capital murder. Section 565.001 RSMo 1978 (repealed and replaced by § 565.020 RSMo, effective October 1, 1984). Movant's appeal presents four claims of motion court error regarding ineffective assistance of trial counsel.

We note from our opinion on movant's direct appeal, *State v. Woods*, 662 S.W.2d 527 (Mo.App.1983), and the legal file and transcript of the motion proceedings: (1) we held the trial court did not err in ruling defendant's confession was voluntarily made, *Id.* at 535; and, (2) defendant's defense was one of mental disease or defect under Chapter 552 RSMo. *Id* at 529.

█ There is substance to each argument presented by the state that the four claims of error of movant in this appeal are not preserved for appellate review. For example, none of the points on appeal present an explanation of "wherein and why" rulings of the motion court were in error. For at least three reasons we review on the merits. First, we note the charge and sentence. Second, the state has opposed each claim of error by briefing the merits. Third, we find the extensive findings, conclusions and judgment of the motion court supported by the record and not clearly erroneous. Rule 27.26(j); *Amsden v. State*, 699 S.W.2d 54, 56 (Mo.App. 1985).

█ During voir dire defendant's trial counsel first questioned the venire about defendant's prior convictions. The motion court found, and the record confirms the finding, that trial counsel intended to offer the testimony of defendant. In the latter stages of the trial, defendant's trial counsel requested a ruling of the trial court that the state be prohibited from asking questions on cross-examination of defendant regarding his statements to medical doctors who examined defendant in connection with his defense of mental disease or defect. The trial court ruled that if defendant testified, questions regarding his statements to the doctors were admissible. Only then did trial counsel decide not to call defendant as a witness in his defense. We reject movant's claim that trial counsel was ineffective because she first mentioned defendant's prior convictions in voir dire. First, this inquiry was conducted at a time when trial counsel expected defendant to testify. The inquiry therefore did not fall below an objective standard of reasonableness at the time. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674, 694 (1984).

Second, each member of the jury expressed an ability to set aside any consideration of defendant's prior convictions and give him a fair trial on the charged crime. This evidence supports the express finding of the motion court that movant suffered no prejudice from trial counsel's revelation of prior convictions. In the absence of prejudice movant is not entitled to post conviction relief. *Strickland v. Washington*, 466 U.S. at 691–692, 104 S.Ct. at 2066–2067, 80 L.Ed.2d at 696; *Sanders v. State*, 738 S.W.2d 856, 858 (Mo. banc 1987).

█ Movant claims the court erred in failing to find trial counsel was ineffective because she did not pursue questioning of a venireperson, Uzzle, who should have been stricken for cause. Movant claims that Uzzle expressed an extreme prejudice against the criminal justice system and the defense of temporary insanity but that trial counsel failed to pursue and establish grounds to challenge Uzzle for cause. The issue of removal of venireperson Uzzle for cause was the subject of a claim of error on direct appeal. We there held no manifest injustice in the inclusion of Uzzle on the

venire panel. *State v. Woods*, 662 S.W.2d at 531. Rule 27.26 motions will not allow re-litigation of an issue determined adversely to movant on direct appeal. The claim was decided on direct appeal. *State v. Woods*, 662 S.W.2d at 530–531.

We understand movant to argue that trial counsel for movant was required to use a peremptory challenge to remove venireperson Uzzle which exhausted the available peremptory challenges, and this allowed venireperson Gable to remain on the jury. That issue was not precisely presented or decided in the direct appeal. However, the underlying premise that Uzzle was allowed to remain on the panel because counsel was ineffective, was decided adversely. Accordingly, denial of relief by the motion court on a claim that trial counsel was ineffective for failure to accomplish a removal of venireperson Uzzle for cause was not clearly erroneous. In addition, movant testified in support of his motion that venireperson Gable was "rehabilitated" from any reservations regarding her ability to be a fair and impartial juror.

■ Movant's third claim of error appears to address an issue regarding failure of trial counsel to call witnesses or object to certain evidence. On appeal, movant claims that because trial counsel, and a second attorney assisting trial counsel, were not called as witnesses for the state in defense of the motion for post conviction relief, there was no evidence from which the motion court could interpret action or inaction of trial counsel as matters of trial strategy. This argument fails for at least two reasons. First, "[m]ovant bears a heavy burden to show ineffective assistance of counsel." *Smith v. State*, 714 S.W.2d 834, 836 (Mo.App.1986). Second, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland v. Washington*, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694–695. Findings based upon trial strategy were sup-

ported by the presumption, and, the absence of contrary evidence offered by movant and accepted by the motion court.

■ Movant's final claim of error is that trial counsel was ineffective for failing to object to the introduction of evidence of a rape, a crime with which movant was not charged. Trial counsel did allude to evidence of rape during voir dire. However, trial counsel opened up this area in order to be sure that no prospective juror would be prejudiced against defendant if evidence of a rape of the victim, prior to the murder, was introduced at trial. The inquiry was qualified by an explanation that defense trial counsel anticipated the state would offer such evidence but she did not believe that the evidence would support that theory. The motion court noted in its findings that the state was entitled to present evidence of other crimes which were committed during the charged crime. On that basis it concluded that presentation of the issue of rape before the venire panel "at the earliest possible time to eliminate jurors who would be unable to set the issue aside would be reasonable strategy for voir dire." This finding was not clearly erroneous.

We affirm.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.