Phillip SCOTT, Appellant,

v.

STATE of Missouri, Respondent.

No. 61541.

Missouri Court of Appeals,
Eastern District,
Division Seven.

Jan. 19, 1993.

Terence W. Niehoff, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Chief Judge.

Defendant appeals denial of his Motion to Vacate, Set Aside or Correct the Judgment or Sentence pursuant to Rule 24.035 without an evidentiary hearing. We affirm.

Initially, defendant pled not guilty to charges of first degree robbery and armed criminal action. At the close of state's evidence after two days of trial, defendant withdrew his plea of not guilty and entered a plea of guilty.

On appeal, defendant argues the trial court erred in denying post-conviction relief under Rule 24.035 without an evidentiary hearing because the record did not clearly refute claims defendant (1) suffered from a mental disease or defect, (2) was under the influence of drugs at the time the guilty plea was entered and (3) was not affected by trial counsel's failure to investigate or prepare an alibi defense.

Our review of a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(j). Rulings are clearly erroneous only if review of the entire record leaves a definite and firm impression that a mistake was made. The critical finding is on the issue of whether the plea was voluntary in all respects. *See Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991). We find no error of fact or law.

Defendant claims the motion court improperly found his plea was voluntary because he suffers from a mental disease or defect. This allegation is based on a psychiatric report prepared pursuant to § 552.020 RSMo 1986. While defendant was diagnosed to have "attention deficit disorder," he was found competent to stand trial. If defendant was competent to stand trial, he was obviously competent to enter a guilty plea. His mental affliction, therefore, did not prevent a voluntary plea.

In his second point, defendant asserts the court erred in finding defendant's use of prescriptive medications did not affect the voluntariness of his plea. According to defendant, the medication was necessary to counter his mental condition.

Defendant, however, exhibited no behavior giving rise to an inference the drugs in any way affected the voluntariness of his plea. *See e.g. Branstuder v. State*, 609 S.W.2d 460, 462–63 (Mo.App.1980). The record indicates defendant was responsive to all questions. The answers he gave with respect to his background were all correct. Additionally, he corrected the court regarding dates which were incorrectly stated. In response to questions concerning current drug use, defendant consistently answered he was not under the influence of any substances. The drugs, therefore, did not affect defendant's plea. The plea court had the benefit of a medical opinion that defendant was competent to stand trial. It was informed of prescription medicines provided for defendant. There is no basis for the conclusory claim prescribed medication foreclosed a voluntary plea. Merely ingesting drugs is insufficient to render a person incapable of pleading guilty. *Barker v. State*, 776 S.W.2d 451, 453 (Mo.App. 1989).

Finally, defendant alleges ineffective assistance of counsel in that counsel failed to properly prepare an alibi defense. Defendant claims his father, mother and brother were willing to testify that he was in Georgia and, therefore, did not commit the charged offenses. The record indicates, however, defense counsel consulted with these witnesses and concluded they were unable to aid in a defense of either charge. Defendant must overcome the presumption that, under the circumstance, the challenged action might be sound trial strategy. *Woods v. State*, 771 S.W.2d 926, 928 (Mo.App.1989). The record in this case

clearly establishes counsel's strategy. Point denied.

Judgment affirmed.

CRANDALL, P.J., and PUDLOWSKI, J., concur.